UNITED STATES v. MERCK et al.

(Circuit Court of Appeals, Second Circuit. January 9, 1895.)

CUSTOMS DUTIES—CLASSIFICATION—ELATERIUM.

Elaterium in cakes, prepared from the juice of the fruit of "echallium elaterium" by evaporation and drying, and containing a medicinal drug known as "elaterine," which, however, is extracted from the cakes before it is used by the physician, is exempt from duty under Act Oct. 1, 1890, par 560, as a drug "in a crude state," and cannot be classified as a "medicinal preparation," within paragraph 75, nor as a "drug which has been advanced in value or condition, by refining or grinding or by some process of manufacture," within paragraph 560.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by Merck & Co., importers of certain merchandise known as "elaterium," for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise. The circuit court reversed the decision of the board. The United States appealed.

Henry C. Platt, Asst. U. S. Atty.
Comstock & Brown, for importers.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. The appellees, Merck & Co., imported, in the year 1892, into the port of New York, sundry boxes containing a drug known as "elaterium," which was returned by the appraisers as a "medicinal preparation," and duty was assessed thereon by the collector at 25 per cent. ad valorem, under the provision of paragraph 75 of the tariff act of October 1, 1890, which is as follows:

"All medicinal preparations, including medicinal proprietary preparations of which alcohol is not a component part, and not specially provided for in this act, 25 per cent. ad valorem; calomel and other mercurial medicinal preparations, 35 per cent. ad valorem."

The importers protested, claiming that the merchandise was exempt from duty because contained in the free list. They principally relied on the alleged fact that it was a crude drug, and was exempt under paragraph 560 of the same act, which is as follows:

"Drugs, such as barks, beans, berries, balsams, buds, bulbs, and bulbous roots, excrescences such as nut galls, fruits, flowers, dried fibers and dried insects, grains, gums and gum resin, herbs, leaves, lichens, mosses, nuts, roots and stems, spices, vegetables, seeds aromatic, and seeds of morbid growth, weeds and woods used expressly for dyeing; any of the foregoing which are not edible and are in a crude state, and not advanced in value or condition by refining or grinding, or by other process of manufacture, and not specially provided for in this act."

The collector's decision was sustained by the board of general appraisers, whose decision was reversed by the circuit court. The United States thereupon appealed to this court. Elaterium is the residue deposited by the juice of the fruit of echallium elaterium, which is a little fruit resembling somewhat the cucumber, with a hollow interior filled with juice. The fruit is gathered just before it is ripe, because when ripe it breaks in handling. It is cut in two, when the juice flows out, which is allowed to stand until the sediment is deposited at the bottom. The juice is poured off, and the sediment is dried as quickly as possible, to avoid fermentation. The British Pharmacopoeia contains the following formula for the preparation of the drug as imported:

"Cut the fruit lengthwise, and lightly press out the juice. Strain it through a hair sieve, and set aside to deposit. Carefully pour off the supernatant liquor, pour the sediment on a linen filter, and dry it on porous tiles, in a warm place."

It is imported in little cakes, and varies much in quality. It is not used in this form by the physician. The manufacturer extracts from the cakes their vital principle, which is known as "elaterine." The imported article is not a medicinal preparation. It is an article from which a medicinal preparation can be made. It is a deposit from the juice or is the evaporated juice of the fruit, and from it its active principle is subsequently extracted. The contention of the United States, that, if not a medicinal preparation, it is, under paragraph 560 of the act of October, 1890, a drug which has been advanced in value or condition by refining or grinding, or by some process of manufacture, cannot be sustained. It is not only a drug, but a crude drug, and is the crudest form in which elaterium is known. It is not reasonable to call the simple process of evaporation and of drying, by which it has been brought into the condition of a drug, a process of manufacture which has advanced the article beyond the condition of a crude drug. The juice has become, by evaporation and drying, a crude drug, but nothing more. The decision of the circuit court is affirmed.