UNITED STATES v. ROESSLER & HASSLACHER CHEMICAL CO.

(Circuit Court of Appeals, Second Circuit. February 6, 1900.)

CUSTOMS DUTIES—CLASSIFICATION—ZINC DUST.

Zinc dust, used in dyeing, is entitled to free entry, under paragraph 386 of the tariff act of 1894, as an article in a crude state, used in dyeing, not specially provided for, and is not dutiable under section 3, as a non-enumerated manufactured article, nor under paragraph 174 and section 4, as assimilated to zinc in pigs and blocks.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decision of the circuit court, Southern district of New York, which reversed a decision of the board of general appraisers reversing a decision of the collector of the port of New York touching the assessment for duty of certain imported merchandise, which, under the tariff act of 1894, was zinc dust. The collector assessed duty thereon at 20 per centum ad valorem, under the provisions of section 3 of said act, as an "article manufactured, in whole or in part, not provided for," etc. The board of general appraisers held that under the similitude clause (section 4 of said act) it was dutiable at one cent a pound, as similar to "zinc in blocks or pigs." Paragraph 174. In what respect the board found it to be similar does not appear. The finding reads, in the disjunctive: "It is * * * similar in material, quality, or the use to which it may be applied to zinc in blocks or pigs." This statement does not indicate in which of the three named respects similarity was found to exist. The circuit court held that the article was free of duty, under paragraph 386,—"Articles in a crude state used in dyeing or tanning not specially provided for in this act."

D. Frank Lloyd, for the United States.

Albert Comstock, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. We concur with the judge who tried the cause in the circuit court that this zinc dust is an article in a crude state, used in dyeing, for the reasons given in his opinion. Coming thus within the enumeration of a paragraph on the free list, the provisions of sections 3 and 4 do not apply to it.