## COWL v. UNITED STATES.

### (Circuit Court, S. D. New York. July 2, 1900.)

#### No. 3,007.

1. CUSTOMS DUTIES—PRACTICE—FAILURE TO PRODUCE EVIDENCE BEFORE THE BOARD OF GENERAL APPRAISERS.

Where the Board of General Appraisers overruled a protest in a case in which the importer has failed to produce any evidence in support of his contention, and the importer appeals to the Circuit Court, the court will permit the importer to introduce evidence on the appeal, if it appears that it was not the importer's fault that the evidence was not presented to the board.

2. SAME—CLASSIFICATION—CRUDE DRUGS—GUARANA.

Guarana, a medicinal drug, consisting of a dried paste in the form of sausage-shaped rolls, this being the crudest state in which it is ever imported, and which, before being used as a medicine, must be further prepared, is not dutiable as a "medicinal preparation," under paragraph 68, Schedule A, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631), but is free of duty under the provision in paragraph 548, Free List, § 2, c. 11, of said act, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1683), for articles "which are drugs and not edible and are in a crude state."

Appeal by the importer from a decision of the Board of General Appraisers affirming the classification by the collector of customs at the port of New York in assessing duty on the importation in question.

The merchandise consists of a drug known as guarana. It was classified by the collector as dutiable at the rate of 25 per cent. ad valorem under the provision in paragraph 68, Schedule A, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631), for "medicinal preparations not containing alcohol or in the preparation of which alcohol is not used, not specially provided for." The importer filed a protest, contending that the article should have been classified as free of duty under the provisions of paragraph 548, Free List, § 2, c. 11, of said act, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1683), relating to various articles "which are drugs and not edible and are in a crude state, and not advanced in value or condition by refining, grinding, or by other process, and not specially provided for." Guarana is a product of Brazil, imported in the form of dark-brown, hard, sausage-shaped rolls a foot or more in length and from two to three inches in diameter, and consisting of a paste prepared from the seeds of paullinia sorbilis, the process consisting in shelling the seeds and moistening them in water, removing a papery film over the kernel, pounding them in a mortar, sufficient water being added to reduce it to a semisolid consistency, the article then being made into the form of rolls, and wrapped in leaves and dried in the sun or by the fire. The testimony of the witnesses is to the effect that the article is known in trade as a crude drug, this being the crudest form in which it is ever imported, and that it is sold to manufacturers and wholesale dealers, but not

to retail druggists, as it is never used as a medicine in the condition in which it is imported, but before being used as a medicine is prepared as a powder, elixir, or extract, crushed leaves and other impurities being removed in the process of preparation.

Hatch & Wickes, for importer.

Chas. D. Baker, Asst. U. S. Atty.

LACOMBE, Circuit Judge (after stating the facts). The testimony in this case was all taken in the Circuit Court, none having been introduced before the board, and the government raises the objection that it cannot, therefore, be considered here under the decision of the Circuit Court of Appeals in U. S. v. China & Japan Trading Company, 18 C. C. A. 335, 71 Fed. 864.

The two cases, however, are not alike. In U. S. v. China & Japan Trading Company it appeared from the record that the board affirmed the collector because the importer failed to appear pursuant to its notification to show cause why the collector should not be affirmed. In the case at bar, however, the return states:

"This case was continued and held open for the importer to produce testimony, which their attorneys stated they desired to offer in regard to the crudity of the merchandise and its mode of treatment before it could be used as a medicinal preparation; but, it appearing from the facts stated herein that such testimony would not be material, the case was decided on that ground, without waiting for the production of such evidence."

It would seem, therefore, that it was not the importer's fault that the evidence now in the cause was not presented to the board, and the reasoning in the China & Japan Trading Company Case does not apply.

The testimony brings the case clearly within the decision of the Circuit Court of Appeals in this circuit as to elaterium. U. S. v. Merck, 13 C. C. A. 432, 66 Fed. 251. The article is a crude drug, and not a medicinal preparation.

Decision of the board and of the collector reversed.