## UNITED STATES v. KLIPSTEIN.

#### (Circuit Court, S. D. New York.　April 17, 1901.)

#### No. 3,140.

**1. CUSTOMS DUTIES—CLASSIFICATION—ZINC DUST.**

    Zinc dust, an article used in dyeing, which is crude as a metal, but not as a mineral, is not included in the provision in paragraph 183, Schedule C, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 166 [U. S. Comp. St. 1901, p. 1645], for "metallic mineral substances in a crude state, * * * not specially provided for," but is free of duty under paragraph 482, Free List, § 2, of said act, 30 Stat. 195 [U. S. Comp. St. 1901, p. 1680], covering "articles in a crude state used in dyeing or tanning not specially provided for."

Appeal by the United States from a decision (G. A. 4744) of the Board of General Appraisers, which reversed the action of the collector of customs at the port of New York in assessing duty on certain merchandise imported by A. Klipstein & Co.　Affirmed 113 Fed. 1021.

D. Frank Lloyd, Asst. U. S. Atty.

Albert Comstock, for the importers.

TOWNSEND, District Judge.　The main question here was elaborately argued in Roessler & Hasslacher Chemical Company v. United States (C. C.) 94 Fed. 822, in which the Circuit Court, reversing the decision (G. A. 4705) of the Board of General Appraisers, held that the merchandise in question (zinc dust) was free as an article "in a crude state, used in dyeing, not specially provided for."　Paragraph 386, Free List, § 2, c. 349, Tariff Act Aug. 27, 1894, 28 Stat. 537.　This decision was affirmed by the Circuit Court of Appeals.　United States v. Roessler & Hasslacher Chemical Company, 39 C. C. A. 651, 99 Fed. 552.

The present case arises under the tariff act of 1897 (U. S. Comp. St. 1901, p. 1626), said zinc dust having been classified in part as "zinc in blocks or pigs" under paragraph 192, Schedule C, § 1, c. 11, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645), and the similitude clause of section 7 (Free List, § 2) of said act (30 Stat. 205; U. S. Comp. St. 1901, p. 1693), and in part as an article "composed wholly or in part of * * * zinc, * * * whether partly or wholly manufactured," under paragraph 193 of said act (page 1645).　Considerable new evidence was introduced before the Board of General Appraisers in support of the contention on the part of the government.　I concur in the opinion of the board, "that the record as it stands does not change the phase of the evidence as it appeared in the original case, and does not justify us in departing from the conclusions reached by each of said courts."

Counsel for the government strenuously contends, however, that, in any event, the merchandise is dutiable at 20 per cent. ad valorem under the provisions of paragraph 183, Schedule C, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 166 (U. S. Comp. St. 1901, p. 1645), for "metallic mineral substances in a crude state, * * * not specially provided for."　But the testimony of the government chemist, Dr. Baker, cited in the former opinion, stated that this zinc dust was

"crude as a metal, but not crude as a mineral." It is therefore not a "metallic mineral substance in a crude state." Irrespective of this fact, however, it is free under the provisions of paragraph 482, Free List, § 2, c. 11, 30 Stat. 195 (U. S. Comp. St. 1901, p. 1680), as against paragraphs 183 and 193, because, having been already specifically described in the free list as an "article in a crude state used in dyeing or tanning," it cannot be included among the more general provisions for "metallic mineral substances in a crude state," or "articles or wares not specially provided for, * * * composed wholly or in part of * * * zinc."

The decision of the Board of General Appraisers is affirmed.