LEBER & MEYER v. UNITED STATES.

(Circuit Court, S. D. New York. November 11, 1904.)

1. CUSTOMS DUTIES—CLASSIFICATION—DRUGS—ARTICLES USED IN DYEING OR TANNING.

Articles used in dyeing or tanning are not "drugs," within the meaning of that expression as used in paragraph 20, Tariff Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628], and paragraph 548, Free List, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1683]; that term being limited in its common acceptance to medicinal preparations, though broadly it may include besides all preparations used in the arts.

2. SAME—LENTISCUM—LENTISCUS—ARTICLES USED IN DYEING OR TANNING— CRUDE ARTICLE.

So-called lentiscum or lentiscus, consisting of the leaves or stems of the pistacia lentiscus, or mastic tree, ground or crushed to a finely powdered condition, is held to be a crude article, and to be within paragraph 482, Tariff Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 195 [U. S. Comp. St. 1901, p. 1680], relating to "articles in a crude state used in dyeing or tanning."

On Application for Review of a Decision of the Board of General Appraisers.

The decision in question affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Leber & Meyer. Note In re Montgomery, G. A. 4,904, T. D. 22,949.

Hatch & Wickes, for appellants.
D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The merchandise here in question consists of lentiscum or lentiscus, which is the finely ground powdered leaves of the pistacia lentiscus, or mastic tree, used for dyeing or tanning. Duty was assessed thereon by the collector of customs under paragraph 20, Tariff Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628]. The importers duly protested against such classification, claiming free entry under the provisions of paragraph 482, § 2, Free List, 30 Stat. 195 [U. S. Comp. St. 1901, p. 1680], or, in the alternative, under paragraph 548, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1683]. The first-mentioned paragraph provides for the free entry of "articles in a crude state used in dyeing or tanning, not specially provided for"; while the latter exempts from the payment of duty drugs and certain specified vegetable substances in a crude state, and "woods used expressly for dyeing." The definition of the word "drugs" may broadly include not only medicinal preparations, but generally all preparations used in the arts. The common acceptation of that term, however, would seem to limit its meaning to medicinal substances. The testimony before the Board of General Appraisers, and the further testimony taken after the appeal to this court, is opposed to classifying the imported article as a drug. The proofs show that in a commercial sense lentiscum is a material used in dyeing or tanning, and that it is never imported into the United States except in the pulverized form. The sole question, therefore, is thought to be whether the article, not being specially provided for, is an article in a crude state, used in dyeing or tanning. The government has not attempted to overcome the evidence of the importers that the article imported is so used. The decision of the Board of General Appraisers is based upon an earlier decision (G. A. 4,904) that the merchandise was within the term "drugs," and assessable for duty at one-fourth of one cent per pound and 10 per centum ad valorem, under paragraph 20 of the present tariff act. The evidence before the court in this case does not support a similar finding. Although the article results from the grinding or crushing of leaves, stems, or shrubs to a finely powdered substance, it may, nevertheless, fairly be considered as crude in view of the purposes for which it was intended. According to the construction which well-considered cases have given the words "crude," "manufactured," and "unmanufactured" for the purpose of tariff classification, the importation, as heretofore stated, may fairly be classified as a crude product. This view is thought to find sup-

port in United States v. Godwin (C. C.) 91 Fed. 753; United States v. Merck, 66 Fed. 251, 13 C. C. A. 432; Roessler & Hasslacher Chemical Co. v. United States (C. C.) 94 Fed. 822, affirmed 99 Fed. 552, 39 C. C. A. 651; United States v. Klipstein (C. C.) 123 Fed. 996. It is also clear, from an examination of the various paragraphs bearing upon materials for dyeing and tanning, that Congress intended that materials of the character in question should be admitted free under paragraph 482.

The decision of the Board of General Appraisers is reversed.