STROHMEYER & ARPE CO. v. UNITED STATES.

(Circuit Court, S. D. New York. June 28, 1910.)

No. 4,758.

CUSTOMS DUTIES (§ 85*)—APPEAL—ADDITIONAL EVIDENCE—ABANDONED PRO-
TESTS.

Where importers abandoned protests before the Board of General Ap-
praisers without taking testimony, it was within the sound discretion of
the Board to refuse to reopen the cases or restore them for hearing;
and on appeal to the Circuit Court the importers were not entitled to
introduce further evidence, under the provisions of Customs Administra-
tive Act June 10, 1890, c. 407, 26 Stat. 138 (U. S. Comp. St. 1901, p. 1886).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 85.*]

On Application for Review of Decisions by the Board of United
States General Appraisers.

Brown & Gerry (James L. Gerry, of counsel), for importers.
D. Frank Lloyd, Asst. Atty. Gen. (William K. Payne, Deputy Asst.
Atty. Gen., of counsel), for the United States.

HAZEL, District Judge. No evidence was introduced by the im-
porters before the Board of General Appraisers, and it appears that
they abandoned their protest. They now claim that such abandon-
ment was under the mistaken belief that the importations were covered
by other protests filed by them. The decision of the collector was
affirmed by the Board, and when it became final the importers re-
quested permission to withdraw the abandonment on the ground that
it was made owing to a misapprehension. The Board, however, de-
clined to restore the case, and an appeal was then taken to this court,
and evidence adduced under rule 11, subject to the objection of the
government.

I think this case is controlled by United States v. China & Japan
Trading Co., 71 Fed. 864, 18 C. C. A. 335, and Plummer & Co. v.
United States, 166 Fed. 730, 92 C. C. A. 420. These cases substan-
tially hold that under the customs administrative act of June 10, 1890
(26 Stat. 131, c. 407 [U. S. Comp. St. 1901, p. 1886]), it is necessary
for importers to give evidence before the Board, and, not having done
so, their protest must be considered abandoned. It is in the sound
discretion of the Board to refuse to open a case, or to restore it for
hearing, and in this case there is nothing shown to indicate that such
discretion was abused. The case of Cowl v. United States (C. C.)
124 Fed. 475, upon which the importers rely, is not in point; for there
the case was continued, and after some testimony had been taken was
held open for the importer to introduce additional testimony, and later
the Board decided the case on the ground that the testimony offered
was immaterial. In the present case no testimony whatever was taken,
and the case was closed by the Board.

The decision of the Board is approved.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.