(C. D. 1180)

THE LEVY & LEVIS CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 28, 1949)

*John D. Rode* for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Harold L. Grossman*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; JOHNSON, J., concurring

CLINE, Judge: This is a protest, arising at the port of New York, against the collector's assessment of duty on laurel leaves imported in bulk at the rate of 25 per centum ad valorem under paragraph 781 of the Tariff Act of 1930, as spices, not specially provided for. It is

claimed in the protest that the merchandise is free of duty under paragraph 1722 as a crude vegetable substance or under paragraph 1669 as a crude drug. The latter claim was not relied upon at the trial.

The pertinent provisions of the tariff act are as follows:

PAR. 781. Spices and spice seeds: * * * mixed spices, and spices and spice seeds not specially provided for, including all herbs or herb leaves in glass or other small packages, for culinary use, 25 per centum ad valorem: * * *.

PAR. 1722. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for. [Free.]

At the trial counsel for the parties stipulated as follows:

* * * That the laurel leaves in the case at bar, or that the merchandise in the case at bar is a vegetable substance in a crude condition; that laurel and bay leaves are one and the same thing.

    *        *        *        *        *        *        *

* * * That the imported merchandise, laurel leaves, are the leaves of the tree known as Laurus Nobilis (the laurel tree); that Laurus Nobilis is a woody perennial plant. It is an evergreen tree sometimes growing to 40 or even 60 feet in height. It may also grow as a tall shrub, sometimes forming clumps 120 feet in diameter.

That laurel leaves are chiefly used in the culinary arts as savory cooking and pickling spices for flavoring and seasoning foods, more specifically for making relishes or spicing meats and fish, for making broths, soups, and chowders, and to a very great extent, as a pickling spice for meats, fish, herrings, and pickled products.

Plaintiff called Edward H. Levy, president of the importing company, who testified that he was familiar with the merchandise involved herein; that it consisted of laurel leaves from Italy packed in bales; that laurel leaves are sometimes called bay leaves; that he has sold this type of merchandise in the United States for over 50 years; that there are three classes of articles dealt in in his trade, spices, spice seeds, and herbs and herb leaves; that spices include allspice, pepper, cloves, cinnamon, nutmegs, cassia, chillies, mustard, paprika, and turmeric; that spice seeds include the seeds of mustard, coriander, anise, fennel, celery, cummin, dill, fenugreek, poppy, and caraway; that herbs and herb leaves include marjoram, savory, oregano, rosemary, thyme, sage, and laurel leaves.

Mr. Levy also stated that based upon his experience in the trade it was his opinion that laurel leaves were herbs. He said that while he did not know the exact definition of an herb, he considered an herb to be a leaf or flower which is used for flavoring; that although spices are also used for flavoring, they are not herbs; that most spices are ground but that most herbs are not; that rosemary leaves, thyme leaves, sage leaves, and marjoram leaves are herbs.

John Warren Weiss, called for the plaintiff, testified that he has been in the herb business for 30 years; that he also deals in spices

and carries an unusually large assortment of both; that he has devoted practically all of his life to the study of herbs, has a collection of old herbals and modern publications on the subject, and is consulted frequently by industrial firms and packers of culinary herbs. The witness stated that he considered laurel leaves to be herbs, citing Banks and Gerard, herbalists accepted as authorities in the fields of industry, commerce, and medicine; Father Kniepp, German herbalist and priest; and Dr. Otto Mausert, author of "Herbs for Health." He gave the following uses for laurel leaves: To spice pickles; to add culinary zest to soups and stews; as poultry seasoning; as a stimulant; as a stomach check; to make packages of licorice and dates attractive; and as an ingredient in perfumes.

The witness did not agree with the definition of an herb in Webster's New International Dictionary to the effect that an herb cannot be a tree, stating that cassia fistula which grows on a tree and pepper which grows into a tree when not cultivated are herbs. He later stated that he considered all leaves to be herbs and defined an herb as anything which is of herbage or herbaceous.

There were received in evidence a sample representative of the merchandise here in issue, which was identified by the witness Levy as laurel leaves (plaintiff's illustrative exhibit A), and a container put out by McCormick & Co., which is labeled "Whole Bay Leaves (Laurel)" (plaintiff's illustrative exhibit B). On the side of the latter package there are listed "whole spices," "seeds," and "herbs and leaves." Bay leaves are listed under "herbs and leaves."

Plaintiff's exhibit 1 is a volume entitled "Spice Manual and Directory, 1944," published by the American Spice Trade Association. On page 95 thereof "Laurel 'Lea's'" [sic] are listed under herbs; in the "Table of Import Duties" on page 99, they are listed at 25 per centum ad valorem (the duty on spices not specially provided for, including herbs or herb leaves in small packages); and on page 101 in the "Tabulation of Ceiling Prices," they are listed under "spices." No separate listing for herbs is contained in this tabulation.

"A Manual of Spices," also published by the American Spice Trade Association, Inc., was received in evidence as plaintiff's exhibit 2. It contains a paragraph on "herb spices" which states in part:

There is a group of Spice leaves which constitute what for convenience may be described as Herbs. Each contains an essential oil and is offered to the consumer both whole (leaf) and in ground form.

There then appear paragraphs on basil, bay leaves, dill "seed," fennel, marjoram, oregano, rosemary, sage, savory, and thyme.

There were also received into evidence weekly market reports or price lists of spice brokers Van Norden & Archibald (plaintiff's exhibit 3), A. A. Sayia & Co. (plaintiff's exhibit 4), Hahne & Burns (plaintiff's exhibit 5), and Ludwig Mueller Co. (defendant's exhibits 8 and 9);

a price list of Küchler & Co. of Trieste (plaintiff's exhibit 6); and a copy of a publication called "Oil, Paint and Drug Reporter" (plaintiff's exhibit 7). The Van Norden & Archibald report lists laurel under "herbs"; the Hahne and the Küchler reports list them under "herbs and leaves"; the Sayia report lists various items but does not classify them as "spices" or "herbs"; the Mueller reports contain three classifications, "paprika," "seeds," and "spices," and laurel leaves are listed under "spices"; the "Oil, Paint and Drug Reporter" lists laurel under "herbs and leaves" (p. 66).

Paragraph 781, *supra*, provides for "spices and spice seeds not specially provided for, including all herbs or herb leaves in glass or other small packages, for culinary use." In *United States* v. *S. B. Penick & Co.*, 24 C. C. P. A. 436, T. D. 48901, the court stated that "with the exception of such herbs and herb leaves as were *eo nomine* provided for at a different rate in said paragraph 781, Congress regarded herbs and herb leaves in the same category with spices only when the same were put up in small packages and used for culinary purposes." Consequently, it was held that tarragon leaves and stems, basil leaves and stems, and peppermint leaves, imported in large bales, were not dutiable under paragraph 781 but were free of duty under paragraph 1722 as crude vegetable substances.

The merchandise in the instant case was likewise imported in bales. Therefore, if it consists of "herbs or herb leaves" within the meaning of the tariff act, it is not dutiable under paragraph 781, but is free of duty under paragraph 1722. In the course of the opinion in the *Penick* case, the court used the following language (p. 440):

* * * It is our view that the plain meaning of the controverted term in paragraph 781 suggests that Congress intended to make only such herbs and herb leaves, even though they be spices, dutiable at 25 per centum if they were imported in glass or other small packages and used for culinary purposes.

We are not impressed with the Government's contention that by the term "herbs or herb leaves in glass or other small packages, for culinary use" Congress had in mind only such herbs and herb leaves as were not spices but which were, when imported in that size packages, used for culinary purposes, and that it was intended for the broad term "spices" in the paragraph to include all such herbs and herb leaves as were in fact spices.

In other words, all herbs which are spices are not included in paragraph 781, but only such as are put up in small packages and used for culinary purposes. The issue in the instant case is thus limited to whether or not laurel leaves may be considered "herbs," since herbs in bulk, whether or not they be spices, are not dutiable under paragraph 781.

The witness Levy testified that the trade recognized three classes of articles, spices, spice seeds, and herbs and herb leaves, and that laurel leaves were regarded as herb leaves. According to the documentary evidence, laurel leaves are listed under "herbs" or "herb

and leaves" when separate classifications for "herbs" or "herbs and leaves" and "spices" are made, although they are listed under "spices" when no such distinction is made.

According to the agreed statement of facts, laurel leaves are the leaves of a tree or shrub. Botanically, plants are classified as herbs, shrubs, or trees (New International Encyclopaedia, vol. 11, p. 184), and herbs are defined as follows:

> A seed-plant not possessing a woody stem, but dying completely, or down to the ground, after flowering. (Funk & Wagnalls New Standard Dictionary.)
>
> A seed plant which does not develop woody persistent tissue, as that of a shrub or tree, but is more or less soft or succulent. (Webster's New International Dictionary.)

According to this classification, the merchandise herein is not an herb, since it consists of leaves from a tree or shrub. However, tariff acts are not written in terms of botany, but in the language of commerce, which is presumptively that in common use. *Maltus & Ware* v. *United States*, 6 Ct. Cust. Appls 376, T. D. 35920; *Maltus & Ware* v. *United States*, 7 Ct. Cust. Appls. 320, T. D. 36874; *Hummel Chemical Co.* v. *United States*, 29 C. C. P. A. 178, C. A. D. 189. The common meaning of a term used in a tariff act is a matter of law to be decided by the court. *Stephen Rug Mills* v. *United States*, 32 C. C. P. A. 110, C. A. D. 293; *United States* v. *Shalom & Co.*, 33 C. C. P. A. 29, C. A. D. 311. The court is bound to take judicial notice of that meaning, as it does of all words in our own tongue, and may consult dictionaries, lexicons, and other written authorities, and may also draw upon its own knowledge. *Nix* v. *Hedden*, 149 U. S. 304; *United States* v. *Flory & Co.*, 15 Ct. Cust. Appls. 156, T. D. 42219; *United States* v. *John B. Stetson Co.*, 21 C. C. P. A. 3, T. D. 46319; *United States* v. *O. Brager-Larsen*, 36 C. C. P. A. 1, C. A. D. 388.

The Encyclopaedia Britannica (vol. 11, pp. 474–5) states that the term "herb" may be used of herbaceous plants possessing certain properties and used for medicinal purposes, for flavoring and in perfumes, and refers to an article on "Flavourings." In that article (vol. 9, p. 363), the following statements are found:

> Pot Herbs.—This expression is usually applied to a particular set of flavouring herbs (parsley, thyme, bay leaf and marjoram) which are used in the form of a "bouquet" for stews, sauces, etc. A complete bouquet has other flavourings added such as lemon, celery, mace, tarragon, etc. The term "pot herbs" is also familiarly given to onion, carrot and turnip added to stock.

J. W. Parry, in "The Spice Handbook," states that the best classification of aromatic plants is the one used in the trade, that is, spices, aromatic seeds, and herbs. He includes laurel leaves under herbs, stating in a footnote (p. IX):

> Laurel leaves belong to the sweet bay laurel tree Laurus nobilis which definitely does not belong to the above group of herbaceous plants but because laurel leaves

are used for flavoring purposes in a similar manner to the leaves of sage, savory, etc., they have been included amongst the herbs. Laurel leaves are also known as bay leaves.

In an article in a recent issue of the National Geographic Magazine ("Spices, the Essence of Geography," by Stuart E. Jones, March 1949), Crosby Gaige, adviser on flavor to the American Spice Trade Association, is quoted as stating that seasonings are classified as spices, spice seeds, flavoring salt, culinary herbs, and condiments. Among culinary herbs he includes bay leaves.

Writers on herbs for culinary purposes include bay leaves among the herbs. See Irma Goodrich Mazza, "Herbs for the Kitchen"; Cora, Rose and Bob Brown, "Salads and Herbs"; Maud Grieve, "Culinary Herbs and Condiments."

The herbs referred to in paragraph 781 of the tariff act are those for culinary use, or culinary herbs. After consideration of the record in this case, the written authorities referred to above, and the court's own knowledge, we find that "laurel leaves" fall within the common meaning of the term "culinary herb." Therefore, they are to be considered "herbs" for tariff purposes.

Defendant relies upon the following statement in the Summary of Tariff Information, 1929, which appears under the heading "Spices and Spice Seeds not Specially Provided For" (p. 1511):

**Description and uses.**—The more important of the spices not specially provided for are thyme leaves, marjoram leaves, and bay leaves. They are all used for flavoring foods; in the pickling industry; and medicinally.

However, in a later publication of the Tariff Commission (Summaries of Tariff Information, 1948, vol. 7, part 6, p. 202), it is stated:

Thyme is a small *shrub* which grows wild in southern Europe, its native habitat, and is cultivated in many countries both as an ornamental plant and as a sweet *herb*. The leaves and tender shoots are used fresh for seasoning food, and the dried leaves, which usually are less than one-fourth inch long, enter international trade as a *spice* and crude drug. As a *spice* they are used for seasoning soups, sauces, dressings, and gravies; as a crude drug they are the source of thyme oil, which, with its derivative, thymol is used in dentrifices [sic] and medicinal products. [Emphasis supplied.]

It is apparent, therefore, that the Tariff Commission has drawn no clear distinction between an herb and a spice nor between a shrub and an herb.

The decided cases are in accord with our view that laurel leaves are to be considered herbs for tariff purposes. In an early case, *D. R. James & Bros.* v. *United States*, T. D. 20208, G. A. 4292, it was held that crude dried laurel, marjoram, and thyme leaves were not spices but were free of duty as crude nonedible drug leaves. The court said:

It appears from the testimony that laurel leaves are chiefly used as a packing for stick licorice, and that none of the leaves are in fact spices or are known

commercially as spices.   Trade lists enumerate ginger, cloves, cinnamon, pepper, allspice, and mustard under the heading of spices, and the leaves in question and similar leaves under the heading of herbs or aromatic herbs.

In *S. Oppenheimer & Co.* v. *United States*, 6 Treas. Dec. 62, T. D. 24173, G. A. 5266, it was held that marjoram and thyme leaves were not spices, but were known and recognized commercially as herbs, and were entitled to free entry as crude drugs.   This case was followed in *Berth Levi & Co.* v. *United States*, 7 Treas. Dec. 880, Abstract 1634 (marjoram); *Parke, Davis & Co.* v. *United States*, 17 Treas. Dec. 601, Abstract 21547 (savory leaves); *Reiss & Brady* v. *United States*, 19 Treas. Dec. 470, Abstracts 23177 and 23178 (savory, thyme, and marjoram); *Reiss & Brady* v. *United States*, 21 Treas. Dec. 137, Abstract 26276 (thyme and savory).

Subsequently, the Tariff Acts of 1922 and 1930 provided in paragraph 34 that the term "drug" as used in the said tariff acts should include only substances having therapeutic medicinal properties and chiefly used for medicinal purposes.

Following this, it was held that laurel leaves in bales were not entitled to free entry as crude drugs under paragraph 1669 but were properly classified as spices under · paragraph 781.   *McLaughlin Gormley King Co.* v. *United States*, 64 Treas. Dec. 1110, Abstract 26179.

In *Chili Products Corp.* v. *United States*, 66 Treas. Dec. 425, T. D. 47324, this court held that marjoram leaves in bales were not classifiable under paragraph 781 but were entitled to free entry under paragraph 1722 as crude vegetable substances, stating (pp. 426–427):

\* \* \*   Having in mind that marjoram and various other herbs had been held by the court to be drugs, but that many of the same herbs also have another use, viz, that of a seasoning or condiment, we think it safe to presume that it was the legislative intent to provide for such herbs as were chiefly used as drugs under the drug paragraphs of the act but to classify such as were ordinarily used in cooking, as spices are used, under the spice paragraph.   To that end the latter class was provided for in the spice paragraph and described as "all herbs and herb leaves in glass or other small packages, for culinary use."   Presumably Congress found from the information presented to them that such herbs as had a culinary use were customarily so packed.

This decision was reversed in *United States* v. *Chili Products Corp.*, 23 C. C. P. A. 209, T. D. 48052, on the ground that it had not been established that the merchandise was a crude unmanufactured vegetable substance.

Subsequently, it was held in *United States* v. *S. B. Penick & Co.*, *supra*, that herbs in bulk were not classifiable under the herb provision of paragraph 781.

In *Strohmeyer & Arpe Co.* v. *United States*, 70 Treas. Dec. 467, T. D. 48581, this court held that origanum, consisting of leaves and flowers on stems, tied in bunches and packed in baskets, was excluded

from the provision in paragraph 781 for all herbs in small packages and was free of duty as a crude vegetable substance under paragraph 1722. The court stated (p. 470):

In view of this judicial history of the paragraph, it is apparent that Congress in the act of 1913 used the language "including all herbs or herb leaves in glass or other small packages for culinary use" in the spice paragraph for the purpose of assessing thereunder these herbs and herb leaves which had been excluded from the provision for spices not specially provided for in the earlier acts, by judicial decisions.

This case was affirmed in *United States* v. *Strohmeyer & Arpe Co.,* 25 C. C. P. A. 120, T. D. 49242.

In *Knickerbocker Mills Co.* v. *United States*, 71 Treas. Dec. 752, T. D. 48959, it was held that marjoram leaves in bales were free of duty as crude vegetable substances rather than dutiable under paragraph 781 as spices, following *United States* v. *S. B. Penick & Co., supra*.

In *Chili Products Corp.* v. *United States*, 72 Treas. Dec. 963, Abstract 37263, it was held that laurel and marjoram leaves imported in bales were free of duty under paragraph 1722 as crude vegetable substances and that thyme leaves were free of duty under paragraph 1669 as crude drugs. This case was followed in *Thomson Taylor & Co.* v. *United States*, 1 Cust. Ct. 371, Abstract 39191; *Coffee Products of America, Inc., Ltd.* v. *United States*, 1 Cust. Ct. 371, Abstract 39192; *Chili Products Co.* v. *United States*, 1 Cust. Ct. 372, Abstract 39194; *Coffee Products of America* v. *United States*, 1 Cust. Ct. 372, Abstract 39195, all of which involved laurel leaves.

The foregoing history shows that laurel leaves have been grouped with marjoram (a variety of origanum) and thyme in court decisions and in the Summary of Tariff Information, 1929, and that the Court of Customs and Patent Appeals has held that tarragon, basil, peppermint, and origanum in bulk are not dutiable under the provision for spices not specially provided for in paragraph 781. It follows that laurel leaves imported in bulk are not dutiable under that provision.

Since counsel have agreed that the merchandise is a vegetable substance in a crude condition and since the record contains no evidence to the contrary, we hold that it is entitled to free entry under paragraph 1722. The protest is sustained and judgment will be rendered accordingly.

### CONCURRING OPINION

JOHNSON, Judge: Inasmuch as counsel for the plaintiff and the Government have agreed that "the merchandise in the case at bar is a vegetable substance in a crude condition," I concur in the conclusion reached by my associates holding that the product in question is prop-

erly classifiable under duty-free paragraph 1722 as "vegetable substances, crude or unmanufactured, not specially provided for."

In view of the fact that the collector classified the laurel leaves in question as "herb leaves," under the provisions of paragraph 781, and assessed duty thereon at the rate of 25 per centum ad valorem prescribed therein for "herb leaves in glass or other small packages, for culinary use," it is clear to this member of the court that there is no controversy concerning whether or not laurel leaves are herb leaves. The only question, in my opinion, is whether or not such leaves, when imported in bulk, are included within the provisions of that paragraph. If not so classifiable, the product would be dutiable under the provision for a vegetable substance in a crude condition. Paragraph 1722 provides *eo nomine* for such merchandise. The Court of Customs and Patent Appeals, in the case of *United States* v. *S. B. Penick & Co.*, 24 C. C. P. A. 436, T. D. 48901, settled the question of the classification of bulk herb leaves in its holding that tarragon leaves, etc., imported in bulk, were excluded from the provisions of paragraph 781, and therefore the laurel leaves in question were erroneously classified under that paragraph.