(C. D. 1214)

NAUMES FORWARDING SERVICE *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 27, 1950)

*Wallace & Schwartz; Barnes, Richardson & Colburn (Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General *(Samuel D. Spector,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is a protest against the collector's assessment of duty on merchandise invoiced as "dry chestnuts shelled" at 12½ cents per pound under paragraph 756 of the Tariff Act of 1930, as modified by the trade agreement with France, T. D. 48316, as "Chestnuts * * * prepared or preserved in any manner." It is claimed that the merchandise is entitled to free entry under paragraph 1646 as "Chestnuts * * * not further advanced than crude, dried, or baked."

The pertinent provisions of the tariff act are as follows:

PAR. 756 [as modified by the trade agreement with France, T. D. 48316]. Chestnuts (including marrons) candied, crystallized, or glace, or prepared or preserved in any manner_____12½¢ per lb.

PAR. 1646. Chestnuts (including marrons), not further advanced than crude, dried, or baked. [Free.]

At the trial, Brice A. Lane, a customs examiner at the port of Chicago, testified that the present case came before him for advisory classification; that there were two items on the invoice; that the first was baked chestnuts, which were returned free of duty under paragraph 1646, and the second was dry chestnuts, shelled, which were returned as prepared chestnuts at 12½ cents per pound under

paragraph 756, as modified by T. D. 48316; that the second item consisted of "dry chestnuts in which the shell has been removed"; that his classification was based upon the fact that the chestnuts had been shelled. The examiner then produced a sample of the merchandise, which was received in evidence as plaintiff's exhibit 1.

The only question herein is whether the fact that the chestnuts have been shelled takes them out of the provision for chestnuts, crude, dried, or baked, in paragraph 1646 and makes them dutiable as chestnuts, prepared or preserved in any manner, under paragraph 756, as modified.

In *H. Polinsky* v. *United States*, 27 Treas. Dec. 573, Abstract 36988, the merchandise consisted of marrons which had been shelled and dried, classified under paragraph 283 of the Tariff Act of 1909 as "Nuts of all kinds, shelled or unshelled, not specially provided for in this section." It was claimed that they should have been free of duty under paragraph 635 as "marrons, crude." The court sustained the protest, stating:

It will be noted that the term there used is "marrons, crude." Nothing appears to have been done to these nuts except that the shell has been taken off and they have become dry; whether dried artificially or by simply exposing them to the sun, or through ordinary evaporation by being in a dry place, we are unable to determine.

It is not shown in the testimony what these were intended to be used for. It does appear, however, that they are used to make into confectionery, and we think we can take notice that they are used in the culinary department in preparation of dressing for meats. While it may be there is a cruder form or condition of the marron, we think these are in that condition where something must be done to them to prepare them for use for any purpose. The Court of Customs Appeals in Merck *v.* United States (5 Ct. Cust. Appls., —; T. D. 34549), in defining the term "crude" as applied to imported commodities, used the following language:

The term "crude" is not confined to something which is in a natural or raw state—something which has not been processed or prepared. "Crudeness" is a relative term, and whether an article is crude is to be determined not by the processes which brought it into being, but by the additional processes to which it is submitted after its creation in order to fit it for its chief or only use. Roessler & Hasslacher Chemical Co. *v.* United States (94 Fed., 822); Leber & Meyer *v.* United States (135 Fed., 243); United States *v.* Danker (2 Ct. Cust. Appls., 522; T. D. 32251).

It has been held that the term "crude," as used in tariff legislation, is a relative term, its meaning depending upon its use in the context, and that an article may be crude in the tariff sense, although it has undergone some processes advancing it from its natural state, provided such processes do not fit the article for its ultimate use. *Fynaut & Popek* v. *United States*, 23 C. C. P. A. 265, T. D. 48112; *United States* v. *Nichols Copper Co.*, 29 C. C. P. A. 186, C. A. D. 190; *Reichard Coulston, Inc.* v. *United States*, 34 C. C. P. A. 108, C. A. D. 350. There is no evidence in the instant case as to the ultimate use of the

merchandise. However, counsel for the Government states in his brief:

> * * * The chestnuts herein were dried and shelled, partly prepared toward the manufacture of another article, such as a confectionery or comfit. It must be presumed that the collector knew or had reason to believe, that such an article was the ultimate disposition of the imported article.

The sample of the merchandise herein consists of shelled dried chestnuts in such a hard condition that they could not be used for any purpose without further preparation. The shelling of the chestnuts may have advanced them from their natural state, but did not fit them for their ultimate use; therefore, they are still "crude" in the tariff sense.

It is to be noted that in the tariff act and in subsequent trade agreements different rates of duty were provided for certain kinds of nuts when shelled and when unshelled. See paragraph 756 (almonds), paragraph 757 (cream or Brazil nuts, filberts); paragraph 759 (peanuts); paragraph 760 (walnuts, pecans); paragraph 761 (edible nuts; not specially provided for, cashew nuts); trade agreement with Brazil, T. D. 48034 (cream or Brazil nuts); trade agreement with Turkey, T. D. 49838 (filberts, pistache nuts); trade agreement with Iran, T. D. 51067 (pistache nuts); General Agreement on Tariffs and Trade, T. D. 51802. In the case of chestnuts, no such differentiation was made. We conclude, therefore, that neither Congress nor the negotiators of the trade agreement found that the shelling of chestnuts was such an advancement in value as to require a different classification. Since the chestnuts in the instant case have been no further advanced than dried, they are more specifically provided for in paragraph 1646 than by the general provision in paragraph 756 for prepared or preserved chestnuts. *F. H. Shallus & Co.* v. *United States*, 18 C. C. P. A. 332, T. D. 44585; *United States* v. *Enbun Co.*, 19 C. C. P. A. 79, T. D. 45224; *United States* v. *D. L. Moss & Co.*, 22 C. C. P. A. 249, T. D. 47159.

We hold, therefore, that the merchandise herein is entitled to free entry under paragraph 1646 of the Tariff Act of 1930. The protest is sustained and judgment will be rendered accordingly.