BEFORE THE THIRD DIVISION, JUNE 6, 1950

**No. 54385.**—A Millner & Co. *v.* United States, protest 156481–K (New York).

Opinion by CLINE, J. In accordance with stipulation of counsel that the merchandise consists of laurel leaves similar to those the subject of *The Levy & Levis Co., Inc.* v. *United States* (23 Cust. Ct. 8, C. D. 1180, the claim of the plaintiff was sustained.

**No. 54386.**—Imported Liquors Company *v.* United States, protest 114406–K (Louisville).

Opinion by JOHNSON, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

**No. 54387.**—Bohemian Distributing Co. *v.* United States, protest 115712–K (Los Angeles).

Opinion by JOHNSON, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, JUNE 7, 1950

**No. 54388.**—Accurate Millinery Co. *v.* United States, petition 6755–R (New York).

Opinion by OLIVER, C. J. The particular item in question was entered at 2.15 Swiss francs per piece, which was the invoice price, and it was appraised at 2.25 Swiss francs per piece. The other items on the invoice were appraised on the basis of the invoice values. Petitioner's import manager testified that prior to entry she instructed the customs broker to submit the invoice to the examiner for information as to the value of the merchandise, and that she did not have any information of a price higher than the invoice or purchase price. On the record presented it was held that there was no intention to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.