Opinion by CLINE, J. It was stipulated that the merchandise consists of cheese similar in all material respects to that the subject of *S. A. Haram et al.* v. *United States* (17 Cust. Ct. 37, C. D. 1016). The claim of the plaintiff was therefore sustained.

**No. 55008.**—Rinaldi Bros. & Co. *v.* United States, protest 164195–K (New York).

Opinion by CLINE, J. In accordance with stipulation of counsel that the merchandise consists of chestnuts similar in all material respects to those the subject of *Naumes Forwarding Service* v. *United States* (24 Cust. Ct. 93, C. D. 1214), the claim for free entry under paragraph 1646 was sustained.

**No. 55009.**—Wm. M. Allison & Co. *v.* United States, protest 164252–K (New York).

Opinion by CLINE, J. In accordance with stipulation of counsel that the merchandise consists of laurel leaves similar to those the subject of *The Levy & Levis Co., Inc.* v. *United States* (23 Cust. Ct. 8, C. D. 1180), the claim of the plaintiff was sustained.

**No. 55010.**—Makla Bros. and Stern & Stern Textiles, Inc. *v.* United States, protests 162526–K and 163461–K (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 55011.**—Rose Cummings *v.* United States, protests 163865–K and 163869–K (A) (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.