BEFORE THE THIRD DIVISION, OCTOBER 16, 1952

**No. 56903.**—Hudson Shipping Co., Inc., and Eastern Sausage & Provision Co., Inc., et al. *v.* United States, protests 116633–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of shredded or grated coconut meat, cooked in sugar sirup and packed in tins, a product of Cuba, similar in all material respects to that the subject of *Allied Food Corporation of America* v. *United States* (28 Cust. Ct. 222, C. D. 1412), certain items of the merchandise were held to be nonenumerated manufactured articles, dutiable at 20 percent under paragraph 1558, less the Cuban preferential of 20 percent. Other items entered or withdrawn from warehouse for consumption on or after January 1, 1948, were held dutiable at 16 percent under said paragraph 1558, as modified by the exclusive trade agreement with Cuba (T. D. 51819).

**No. 56904.**—East Asiatic Co., Inc., and W. J. Byrnes & Co. of N. Y., Inc. *v.* United States, protests 128313–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of shredded or grated coconut meat, cooked in sugar sirup and packed in tins, a product of Cuba, similar in all material respects to that the subject of *Allied Food Corporation of America* v. *United States* (28 Cust. Ct. 222, C. D. 1412), the claim of the plaintiffs was sustained.

**No. 56905.**—The Selig Co., Inc. *v.* United States, protest 48783–K/12261 (New Orleans).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise consists of pyrethrum extract the same in all material respects as that the subject of *Thompson Hayward Chemical Co.* v. *United States* (27 Cust. Ct. 69, C. D. 1350). In accordance with stipulation of counsel and following the decision cited the claim of the plaintiff was sustained.

**No. 56906.**—Magnolia Liquor Co., Inc. *v.* United States, protest 179440–K/14041 (New Orleans).