SCHOENEMANN v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. January 15, 1903.)

No. 11.

1. CUSTOMS DUTIES—CLASSIFICATION—SHELLS.

Shells which have been treated with chloride of lime and washed with water to cleanse them from animal or vegetable matter are entitled to free entry under paragraph 635 of the free list in the tariff act of 1897 [U. S. Comp. St. 1901, p. 1686], which includes "shells not sawed, cut, polished or otherwise manufactured, or advanced in value from the natural state." While the cleansing may add slightly to their value, they cannot be said to have been advanced in value from their natural state so as to exclude them from such paragraph.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 115 Fed. 842.

Frank P. Prichard, for appellant.

James B. Holland and Wm. M. Stewart, Jr., for the United States.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. The appellant, William C. Schoenemann, imported into the port of Philadelphia, in September, 1897, merchandise consisting of shells. The marine animal had been taken from the shells and the shells themselves cleansed, by being put into a tub with chloride of lime and then washed with clean water, in order to remove all animal matter, dirt, and offensive smell. The importer claimed that these shells were free from duty, under paragraph 635, part of the free list of the tariff act of 1897 [U. S. Comp. St. 1901, p. 1686], which reads as follows:

"Pearl, mother of, and shells, not sawed, cut, polished or otherwise manufactured, or advanced in value from the natural state."

The collector of the port, who was afterwards sustained by the United States board of general appraisers, assessed the duty upon the shells at 35 per cent. ad valorem, under paragraph 450 of the tariff act of 1897 [U. S. Comp. St. 1901, p. 1678], which reads as follows:

"Manufactures of leather, finished or unfinished, manufactures of fur, gelatin, gutta-percha, human hair, ivory, vegetable ivory, mother of pearl and shell, plaster of paris, papier mache and vulcanized india rubber, known as 'hard rubber,' or of which these substances or either of them is the component material of chief value, not specially provided for in this act, and shells engraved, cut, ornamented, or otherwise manufactured, thirty-five per cent. ad valorem."

The grounds for this classification and imposition of duty, as stated by the board of general appraisers, were that although it appeared from the evidence that the articles had not been "engraved, cut, ornamented, or otherwise manufactured," the cleansing process had advanced the articles in value from their natural state to the extent of about 10 per cent. ad valorem, and that therefore, inasmuch as the shells had been materially advanced in value from what was called the "natural state," by the process of cleansing, they were excluded from the provisions of said paragraph 635 of the free list [U. S.

Comp. St. 1901, p. 1686], by the language used therein. The appraisers then proceed to justify the classification made by the collector, under paragraph 450 of the act [U. S. Comp. St. 1901, p. 1678], as follows:

"If it be admitted that the articles had not been subjected to any manufacturing process, the classification as made by the collector would be, in our opinion, justified by the proper application of the similitude clause, section 7 of the tariff act of 1897 [U. S. Comp. St. 1901, p. 1693], which provides that 'each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned.' * * * Assuming it is true that the article in question is not specially enumerated in the tariff act, the settled rule is that a nonenumerated article. if found to bear a substantial similitude to an enumerated article, either in material, quality, texture, or the use to which it is applied, is made liable to precisely the same duty as that imposed upon the enumerated article. * * * There is a manifest resemblance between the articles under consideration and the shells described in said paragraph 450 [U. S. Comp. St. 1901, p. 1678], under which the collector made the classification, and this resemblance is not in the material alone, but also in the quality, if not in the use to which the articles were applied. It was not necessary for the collector to have expressly invoked the similitude clause in making the reported classification. It is sufficient if such classification can now be justified under the rules laid down by the courts."

In the proceedings for a review of this decision of the said board of general appraisers, before the circuit court, the learned judge affirmed their decision, and from the decree of that court, this appeal has been taken.

In the decision of the board of appraisers, thus affirmed by the circuit court, we think there was error. It seems to be now admitted that these articles could not be classified under paragraph 450, as "shells engraved, cut, ornamented, or otherwise manufactured," and that the collector was mistaken as to the shells having been cleansed by chemical process, or that an epidermis had been removed, or that they had been polished by such process. The evidence in the record before us shows that they had simply been washed with clean water, after having been left for a few hours in water containing chloride of lime, and clearly they were not "otherwise manufactured." The ground, however, on which the court sustained the classification of the appraisers, is the one stated by them. After stating his opinion that these shells were not embraced within paragraph 635 of the free list [U. S. Comp. St. 1901, p. 1686], the learned judge proceeds as follows:

"I think, however, that the rate of 35% was properly imposed under section 7 [U. S. Comp. St. 1901, p. 1693]. This is the so-called similitude section, and provides, 'That each and every imported article not enumerated in this act, which is similar either in material, quality, texture, or the use to which it may be applied to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars above mentioned.' Paragraph 450 [U. S. Comp. St. 1901, p. 1678] imposes a rate of 35% upon manufactures of shell, and also upon 'shells engraved, cut, ornamented, or otherwise manufactured.' While it is true that the shells in controversy have merely been cleaned, and therefore do not come within the language

just quoted, nevertheless, they come so nearly within it that section 7 [U. S. Comp. St. 1901, p. 1693] carries them the remainder of the way. They are certainly similar in material, in quality, and in texture, to shells engraved, cut, ornamented or otherwise manufactured, and they are also similar in some of the uses to which they may be applied, for it appears in evidence that the shells in controversy are sometimes used as ornaments without being subjected to any further process."

We cannot agree with the learned judge in thinking that this "similar" section is applicable to the case before us. Paragraph 450 [U. S. Comp. St. 1901, p. 1678] imposes a duty on shells "engraved, cut, ornamented, or otherwise manufactured." Admitting that the shells in question are not within this category, they still are shells not "engraved, cut, ornamented, or otherwise manufactured," and to say that such are articles not enumerated in this act, similar either in material, quality, texture or the use to which they may be applied, to shells which are "engraved, cut, ornamented or otherwise manufactured," and so chargeable with the same rate of duty, makes the section in question work an absurdity. It is saying, in effect, that though "shells engraved," for instance, are expressly made subject to a tax of 35 per cent., shells not engraved shall be liable to the same tax, because shells not engraved are similar to "shells engraved." We do not think that this section is susceptible of this interpretation, or was meant to apply except to articles of manufacture, which, though different and distinct from each other, are similar in the respects mentioned in the statute. In this case, there is an identity of material, not similarity, and when the statute expressly prescribes a duty for this material, when it is in a certain condition, it must be taken to preclude the application of the similitude statute to the same material not in that condition. It would be equally as reasonable to say that, because certain stones fashioned into monuments or into cubical blocks are dutiable, stones not so fashioned and not in building shapes, should be liable to the same tax, on the ground of similarity of material.

There is nothing in the record of this case, that suggests an attempted evasion of the tariff laws, against which, the supreme court has said the similitude clause was designed to be a protection. These articles are not manufactured imitations of shells, suitable to take their place in use as ornaments; but they are the very shells mentioned in the act, lacking the changes from the natural state mentioned and described therein, as the conditions prerequisite to their being dutiable. It must be presumed that the lawmaking power had in mind the difference between "shells engraved, cut, ornamented, or otherwise manufactured," and shells that were not so, and did not intend that the very differentiation made by the law itself, should be nullified and made of no effect by this similitude provision. The contention of the court below makes the legislative act futile, and accomplishes the result clearly not intended, to wit, that all shells, in whatever state or condition, shall be dutiable at 35 per cent. ad valorem.

The shells in question, admittedly incapable of classification under paragraph 450 [U. S. Comp. St. 1901, p. 1678], and not coming within the purview of "the similar" provisions of section 7 [U. S. Comp. St. 1901, p. 1693], it remains to consider whether they should

be classified under paragraph 635 of the free list [U. S. Comp. St. 1901, p. 1686]. In this paragraph are included "shells not sawed, cut, polished, or otherwise manufactured, or advanced in value from the natural state." There is no controversy as to the meaning of the words "not sawed, cut, polished, or otherwise manufactured," or that, if those words stood alone, the shells in question would be admitted free of duty. It is, however, contended that the shells had been "advanced in value from the natural state," within the meaning of those words in the paragraph referred to, and that therefore they are excluded from the free list. We do not think, however, that the cleansing of these shells, in the manner disclosed by the evidence and already discussed, though adding slightly to their value, effected a change in them "from the natural state." Seashells are the hard, organized substances forming the exterior covering and protection of certain marine animals, and these hard bony coverings are not changed from their natural state, by having these animals and the adventitious and foreign matter clinging to them removed. They are no part of the shell, and the natural state of the shell remains after this removal takes place. It would be as reasonable to say that the natural state of the shell existed only when the marine animal, which it contained and protected, was present, as to say that there was a change from the natural state, wrought by cleansing it from foreign substances which were no part of it. Furthermore, we think that the words "or advanced in value from the natural state," must be read with "or otherwise manufactured," not disjunctively, but so as to join the general concept of the latter phrase with that of the former.

In this, as in all other such cases, we must bear in mind the rule laid down in Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240, 30 L. Ed. 1012, where the court say:

"But, if the question were one of doubt, the doubt would be resolved in favor of the importer, as duties are never imposed upon the citizen upon vague or doubtful interpretation."

For these reasons, we think that the shells in question should have been classified under paragraph 635 of the free list [U. S. Comp. St. 1091, p. 1686]. Without quoting from them, we refer to the cases cited by the appellant, as supporting and illustrating the conclusions at which we have arrived. U. S. v. Merck, 13 C. C. A. 432, 66 Fed. 251; U. S. v. Godwin (C. C.) 91 Fed. 753; U. S. v. Richards (C. C.) 99 Fed. 262; Frazee v. Moffitt (C. C.) 18 Fed. 584. It is unnecessary, therefore, to resort to section 6 [U. S. Comp. St. 1693], imposing a tax upon the importation of raw or unmanufactured articles not enumerated or provided for in the act.

The decree of the court below is therefore reversed. Let a decree be drawn in conformity with this opinion.