### KRAEMER & FOSTER v. UNITED STATES.

(Circuit Court, S. D. New York. June 28, 1910.)

No. 5,511.

1. Customs Duties (§ 38*)—Classification—Sawed Talc—"Advanced in Value or Condition."

Talc sawed into cubes for use in making gas burners and insulators, the sawing being not merely to remove foreign matter and to put the material in shape for transportation, but to give it certain desired dimensions, has been "advanced in value or condition" within the meaning of Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 614, 30 Stat. 198 (U. S. Comp. St. 1901, p. 1685).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

2. Customs Duties (§ 24*)—Similitude—French Chalk.

Talc in the form of cubes, which is used in making gas burners and insulators, is dutiable as French chalk by similitude, under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 13, 30 Stat. 152 (U. S. Comp. St. 1901, p. 1627).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 24.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York. The Board's opinion reads in part as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HAY, General Appraiser. The merchandise here under consideration * * * was assessed for duty by the collector as French chalk, * * * apparently on the authority of the decision of this Board in Doggett's Case, G. A. 6665 (T. D. 28,425). From the testimony and an examination of the samples it is quite clear that the merchandise in the two cases is substantially identical. French chalk is defined as a variety of talc, and, while the testimony in this case tends to show that the merchandise imported is not the variety of talc which is generally known as French chalk, it is not in our judgment sufficiently strong to warrant a change in the classification indicated as the correct one in Doggett's Case, supra, and the reasons therein given for the conclusion reached we think apply to the case at bar. An article so nearly identical with one specifically provided for ought not in our judgment to be relegated to some general provision of the law. * * *

Brown & Gerry (Allan R. Brown, of counsel), for importers.

D. Frank Lloyd, Asst. Atty. Gen. (Thomas M. Lane, Special Atty., of counsel), for the United States.

HAZEL, District Judge. The merchandise in question was invoiced as crude talc, and the claim of the petitioners is that under Tariff Act July 24, 1897, c. 11, § 2, Free List, pars. 519, 614, 30 Stat. 197, 198 (U. S. Comp. St. 1901, pp. 1682, 1685), it is entitled to free entry. The indicated paragraphs include:

"519. Chalk, crude, not ground, precipitated, or otherwise manufactured."

"614. Minerals, crude, or not advanced in value or condition by refining or grinding or by other process of manufacture not specially provided for."

The article is imported in the form of cubes, it having been finished by sawing and is chiefly used in gas burners and electric insulation. The sawing of the talc prior to its importation is not merely to remove foreign matter and to put in shape for transportation; for the witness Steward testified that there is a demand in the trade for "finished pieces" of certain dimensions, and the material is ordered by the importer accordingly. Such sawing of the talc advanced its value and condition. Hence the case presented is different from Schoenemann v. U. S., 119 Fed. 584, 56 C. C. A. 104, where the mere cleansing of shells was held by the court not to be a change from their natural state.

I quite agree with the Board of Appraisers that the article is properly classified by similitude as French chalk, and is assessable for duty under the provisions of section 1, Schedule A, par. 13, 30 Stat. 152 (U. S. Comp. St. 1901, p. 1627), of the tariff act of 1897.

The decision of the Board of General Appraisers is affirmed.