STRAUSS & Co. *v.* UNITED STATES (No. 419).[1]

COMBS MADE OF GALLILITH.

> Since they most nearly resemble combs made of horn, in accordance with the terms of paragraph 481, tariff act of 1909, combs made of gallilith are dutiable under paragraph 463 of that act.

### United States Court of Customs Appeals, October 12, 1911.

APPEAL from Board of United States General Appraisers, G. A. 7047 (T. D. 30725).

[Affirmed.]

*Walden & Webster* (*Henry J. Webster* of counsel) for appellants.
*D. Frank Lloyd*, Assistant Attorney General (*Wm. A. Robertson* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Gallilith combs imported at the port of New York were, by reason of their similitude to horn combs and in virtue of the provisions of paragraph 481 of the tariff act of August 5, 1909, assessed for duty by the collector of customs at 50 per cent ad valorem under paragraph 463, the part of which material to the case reads as follows:

> 463. * * * Combs, composed wholly of horn, or composed of horn and metal, fifty per centum ad valorem.

The importers in due time and form protested that the merchandise was not dutiable as assessed and among other grounds of protest, which it is unnecessary to consider, set up the claim that gallilith combs were dutiable as manufactured articles not provided for at 20 per cent ad valorem under the provisions of paragraph 480, which reads as follows:

> 480. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this section, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of twenty per centum ad valorem.

The Board of General Appraisers overruled the protest and the importers appealed.

On the hearing before the board no evidence was introduced or offered in behalf of the importers. Two witnesses testified for the

---

[1] Reported in T. D. 31946 (21 Treas. Dec., 378).

Government, and from their testimony it appears that the imported goods are fine combs made from a substance called gallilith, which is a product of sour milk. Combs manufactured from gallilith have, of course, the same identical use as combs made from any other material, and in style, shape, and appearance, as shown by the samples in evidence, they are very similar to combs made of horn, in fact "just like them," as stated by one of the witnesses. With this as the evidence, and as neither gallilith combs nor manufactures of gallilith were specially provided for in the tariff act of 1909, under which the importation was made, the board held that the goods were similar in use to the horn combs for which special provision was made in paragraph 463 and, therefore, dutiable under that paragraph by similitude. Counsel for the importers urge that paragraph 481 is not applicable to the goods in question and that they can not be made dutiable by similitude under the last clause of paragraph 463 for the reason that that clause is restricted to combs composed wholly of horn or horn and metal and therefore explicitly excludes all other combs from its provisions. The difficulty with this contention is that counsel has assumed that an express designation of a particular article is the same thing as an express exclusion of all others. If paragraph 463, under which the merchandise was assessed for duty, excludes all combs other than those mentioned therein, it must be held to do so, not by reason of express language to that effect, but because the specific designation of a particular article implies a legislative intent to exclude all others in the absence of any provision of law otherwise directing. The law, however, under which the goods were imported contains an express statutory declaration which does not permit of that implication, and the distinction between an implied exclusion and an express exclusion, ordinarily of little consequence, must be fully respected if effect is to be given to paragraph 481, a very important provision of the tariff act. That paragraph provides—

That each and every imported article, not enumerated * * * which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated * * * as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned.

This provision specifically requires that imported articles which *are not enumerated* shall bear the same duty as articles which *are enumerated*, provided the former be similar to the latter either in material, quality, texture, or use. Such a requirement is wholly irreconcilable with the proposition that the duty imposed in some other part of the statute on a commodity therein specifically designated was intended by the legislature to apply to that commodity and no other. Of course, if Congress had provided in para-

graph 463 for combs made of horn or of horn and metal, but not of gallilith, such a provision would have expressly excluded gallilith combs from that paragraph and made the similitude clause of paragraph 481 inapplicable to the goods under consideration. Not having done so, however, we can not imply that such was its intention in the face of an expressed direction that nonenumerated articles shall carry the same duty as the enumerated articles which such nonenumerated articles most resemble either in material, quality, texture, or use.

It is true that the similitude clause can not be applied to articles which are the same as the enumerated article and which are identical with the latter in material. Such articles are the same and not of a similar kind. The similitude clause is intended to apply only to articles which are different and distinct from the enumerated article, and the duty specifically attached to an article by reason of an improved condition which does not change its essential characteristics can not be affixed by similitude to the same article when not in that condition. So shells washed and cleansed of dirt and animal matter are not *similar* to "shells engraved, cut, ornamented or otherwise manufactured." Schoenemann *v*. United States (119 Fed. Rep., 584, 586). Bisque wares are not *similar* to "bisque wares if painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner." Fensterer *v*. Ruhe (T. D. 31110). The principle that an article can not be made dutiable by similitude to the same article, made of the same material, in a more advanced stage of manufacture, has no application here, however, for the reason that while horn combs and gallilith combs are both combs, they are not combs made of the same material and are therefore distinctly different articles.

So far as we can discover no special tariff provision has ever been made for manufactures of gallilith, and subsequent to the tariff act of 1883 and until the passage of the tariff act of 1909 there was no specific provision for combs of any kind. Consequently gallilith combs brought into the country in 1907 and 1908 were held by the board to be dutiable as nonenumerated manufactured articles. Counsel for the importers argue that Congress must have had that decision in mind when it passed the tariff act of 1909, and that therefore when it provided for "combs composed wholly of horn or composed of horn and metal" it must be assumed that there was no legislative intent to change the rate which had theretofore been fixed by the board for combs made of gallilith. We do not think that such a conclusion legitimately follows or can be properly deduced from the history of the legislation or the facts in the case. A legislative adoption or approval of the interpretation given to any provision of a tariff act by the department of the Government charged

with its execution or by the tribunals required by law to determine its meaning may be presumed when the legislation has been subsequently reenacted by Congress without change or modification affecting the provision interpreted. When, however, the legislation has been subsequently modified in any substantial particular relating to the provision interpreted, no such presumption arises. United States *v.* Cerecedo Hermanos y Compañia (209 U. S., 337–339); United States *v.* Falk & Bro. (204 U. S., 143–152); Komada & Co. *v.* United States (215 U. S., 392–397).

The act of 1897, under which the board decided that gallilith combs must be classified as nonenumerated manufactured articles, made no provision for combs of any kind, and therefore as the law then stood gallilith combs could not be made dutiable as combs either directly or by similitude. The tariff act of 1909 provided for combs made of horn and of horn and metal, and thus opened the door for the application of the similitude clause. We can not, therefore, presume that Congress, when it passed the tariff act of August 5, 1909, intended to continue in force the classification fixed by the board for gallilith combs under the act of 1897. Indeed, to do so would result in the absurdity of holding that the legislature approved and adopted an interpretation of a provision of law which was not in existence at the time the interpretation was made.

The decision of the Board of General Appraisers is *affirmed.*