UNITED STATES *v.* NEUMAN & SCHWIERS CO. (No. 1536).[1]

HONEY CAKES OR SO-CALLED GINGERBREAD.

There is no testimony as to the characteristics of the articles nor are there any samples. But from the appraiser's statement it is concluded the goods do not contain chocolate, nuts, fruit, or confectionery of any kind and are so excluded from paragraph 194, tariff act of 1913. The record does not sustain the claim that they are biscuits, bread, or wafers entitled to free entry under paragraph 417. The record does support the claim that the goods are classifiable as a nonenumerated manufactured article under paragraph 385 of the act.

## United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37192.

[Modified.]

*Bert Hanson*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.

*B. A. Levett* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case was assessed with duty at the rate of 25 per cent ad valorem as cakes under paragraph 194, tariff act of 1913, that being the paragraph which imposes a duty upon "biscuits, bread, wafers, cakes, and other baked articles, and puddings," when containing chocolate, nuts, fruit, or confectionery of any kind.

The importers protested against the assessment, claiming free entry for the merchandise under the free-list provisions for "biscuits, bread, and wafers, not specially provided for," in paragraph 417, or alternatively an assessment of 15 per cent ad valorem under the provisions for nonenumerated manufactured articles in paragraph 385, same act.

The protest was submitted to the Board of General Appraisers and the same was sustained, the board holding that the merchandise was entitled to free entry under paragraph 417 as biscuits, bread, or wafers not specially provided for. The board did not state specifically whether in its opinion the articles in suit were biscuits, or bread, or wafers, but referred to its decision in G. A. 7654 (T. D. 35017), wherein goods which were probably somewhat similar to these, but not identical with them, were held upon testimony which is not included within the present record to be "within the description of bread, biscuit, or wafers, probably within the terms bread or biscuit." The Government has appealed from the decision of the board.

---

[1] Reported in T. D. 35467 (28 Treas. Dec., 924).

The following is a copy of the three paragraphs of the act of 1913 above referred to:

194. Biscuits, bread, wafers, cakes, and other baked articles, and puddings, by whatever name known, containing chocolate, nuts, fruit, or confectionery of any kind, and without regard to the component material of chief value, twenty-five per centum ad valorem.

417. Biscuits, bread, and wafers, not specially provided for in this section.

385. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for in this section, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of fifteen per centum ad valorem.

It may be repeated that the merchandise was assessed with duty at 25 per cent ad valorem under paragraph 194, and is claimed by the importers to be free under paragraph 417, or alternately to be dutiable at 15 per cent ad valorem under paragraph 385, all above copied.

The difficulty which the court encounters with the present record is the entire absence therefrom of any testimony concerning the characteristics of the protested articles. No testimony, either written or oral, was submitted, nor was any sample of the merchandise exhibited to the board. The record therefore discloses no facts concerning the merchandise except such as may be found in the advisory return of the appraiser and such as should be inferred from the collector's assessment.

The following is a copy of the appraiser's official answer to the protest, which may be assumed to be identical with the advisory return of that officer:

The merchandise consists of large honey cakes or so-called spice or ginger bread. Cakes are excepted from the provisions of paragraph 417, and in the opinion of this office the merchandise is not included within the term "bread" in said paragraph. It was therefore returned for duty at 25 per cent ad valorem by similitude to cakes, paragraphs 194 and 386, act of 1913.

It is difficult and unsatisfactory to pass upon the present issue with no information concerning the character of the articles involved except such as is afforded by the foregoing return and the collector's assessment predicated thereon. Nevertheless it may fairly be concluded from the appraiser's statement that the goods in question did not actually contain chocolate, nuts, fruit, or confectionery of any kind, and therefore did not directly come within the descriptions contained in paragraph 194, *supra*. This conclusion necessarily follows from the statement of the appraiser that the goods were "returned for duty at 25 per cent ad valorem *by similitude* to cakes, paragraphs 194 and 386, act of 1913," for an assessment by similitude implies that the assessed articles fail to respond in some particulars to the dutiable provisions under which they are thus assessed, and in the present case this failure must be the absence of chocolate, nuts,

fruit, or confectionery from the assessed articles.   Upon this assumption we hold with the board that the present articles should not have been assessed under paragraph 194, *supra*, by similitude, for Congress has expressly limited the application of that paragraph to such "biscuits, bread, wafers, cakes, and other baked articles, and puddings," as contain "chocolate, nuts, fruit, or confectionery of any kind."   This express limitation forbids the inclusion within the paragraph by similitude of any baked articles which contain no chocolate, nuts, fruit, or confectionery of any kind.   Schoenemann *v.* United States (119 Fed., 584); Fensterer & Ruhe *v.* United States (1 Ct. Cust. Appls., 93; T. D. 31110).   Therefore we conclude with the board that the collector's assessment of the merchandise under paragraph 194 was incorrect.

The question next arises whether the present merchandise was free of duty under paragraph 417, *supra*, as "biscuits, bread, or wafers not specially provided for," or was dutiable at 15 per cent ad valorem as nonenumerated manufactured articles under paragraph 385, *supra*, these being the alternative claims presented by the importers' protest.

We are unable to find in the present record sufficient authority for holding the merchandise to be free of duty as either biscuits, bread, or wafers.   As has been stated there is no sample of the merchandise before the court, nor is there any testimony at all in the record concerning the character of the articles.   In the appraiser's report appears the statement that the articles are "large honey cakes or so-called spice or ginger bread."   The statement is also therein made that in the opinion of the appraiser the merchandise is not bread under paragraph 417, *supra.*   The report of the appraiser therefore was to the effect that the goods are sweetened cakes, and are not bread, biscuits, or wafers, and this view was approved and adopted by the collector.   It is true that the appraiser states that while the articles are honey cakes they are also "so-called spice or ginger bread," but this statement adds little or nothing to the description of the merchandise with reference to the present issue.   The term "spice bread" does not appear in any American dictionary, although the term "spice cake" is defined to be a cake flavored with spice of some kind.   The term "gingerbread" appears in the standard dictionaries and is uniformly defined to be a kind of sweet cake.   It is never defined to be a kind of bread.   The following definitions of the word "gingerbread" sustain this statement:

Century Dictionary:

A kind of sweet cake flavored with ginger.   It is often made in fanciful shapes. The name was also formerly given to a kind of white bread containing nuts, spices, and rose water.

Worcester's Dictionary:

A sweet cake spiced with ginger.

Webster's International Dictionary:

1. A kind of plain sweet cake flavored with ginger, and sometimes made in fanciful shapes and frequently gilded.

Standard Dictionary:

A light sweet cake usually made with molasses and flavored with ginger, and often baked in shapes to represent animals, houses, and other objects.

It seems to be unnecessary at this time to give any definitions of the words "biscuit" and "wafers," which appear in connection with the term "bread" in the free-list paragraph, since there is absolutely no proof in the record tending to show that the present articles are either biscuits or wafers, unless it be assumed that all sweetened cakes are also necessarily biscuits or wafers according to common knowledge. There is certainly no authority for such an assumption as this, and the language of paragraph 194 seems to forbid it.

Therefore the appraiser's statement that the merchandise is honey cakes or so-called spice or ginger bread does not overcome or necessarily contradict the finding reported by him to the effect that the articles in question are not bread within the free list provision. That finding was based upon an examination of the merchandise and is therefore in part a conclusion of fact, and there is nothing in the present record which overcomes its effect. The burden of proof was of course upon the importers; they were called upon to establish the alleged fact that the merchandise was bread, biscuit, or wafers within paragraph 417 of the free list, and this they have failed to do.

The alternative claim of the importers is for an assessment of the merchandise as nonenumerated manufactured articles under paragraph 385 of the act, and the record is sufficient to sustain this claim. The articles are cakes, which of course are manufactured articles; these contain no chocolate, nuts, fruit, or confectionery of any kind, and therefore they are not enumerated under the dutiable paragraph under which they were assessed; nor do they appear by the present record to be bread, biscuit, or wafers, so as to come within the free-list provisions of paragraph 417, *supra.* They are not elsewhere specially enumerated, and consequently fall within the provisions of paragraph 385, *supra,* as nonenumerated manufactured articles. It may be noted that one of the assignments of error made by the Government in its petition filed in this court is the action of the board "in not holding that the merchandise is properly dutiable under paragraph 385 of said act as an unenumerated manufactured article." This claim, which was the alternative claim of the importers below and is the alternative claim of the Government here, seems

to be the logical interpretation of the present record. It may furthermore be said that when paragraphs 194 and 417 are read together they seem to lead properly to this result. In paragraph 194 Congress laid a special rate of duty upon "biscuits, bread, wafers, *cakes, and other baked articles, and puddings*" when these contain certain prescribed ingredients. In paragraph 417 Congress admitted "biscuits, bread, and wafers" free of duty if they did not contain the ingredients enumerated in paragraph 194. The free-list provision, however, makes no reference to "*cakes and other baked articles, and puddings.*" These articles, when baked without chocolate, nuts, fruit, or confectionery of any kind, seem to be left to the residuary enumeration of paragraph 385.

Upon the present record, therefore, the court sustains the action of the board in reversing the assessment of duty as made by the collector, but modifies the board's decision to the effect that the merchandise shall be assessed with duty at 15 per cent ad valorem as nonenumerated manufactured articles under paragraph 385, tariff act of 1913, and reliquidation is ordered accordingly.

*Modified.*