BEFORE THE THIRD DIVISION, JULY 15, 1958

**No. 62180.**—Dental Perfection Company, Inc., and Frank P. Dow Co., Inc. *v.* United States, protest 289798–K (Los Angeles).

JOHNSON, Judge: The merchandise involved in this case consists of artificial teeth imported from Sweden in 1954 and 1955. It was assessed by the collector at 70 per centum ad valorem under paragraph 212 of the Tariff Act of 1930, by virtue of the similitude clause in paragraph 1559, as decorated porcelain articles. It is claimed that the merchandise is dutiable at 45 per centum ad valorem under said paragraph (apparently as modified) or at 10 per centum ad valorem under paragraph 1558, as modified, as unenumerated manufactured articles.

It was stipulated at the trial that this merchandise is similar in all respects to that involved in *Maher-App & Company* v. *United States*, 44 C. C. P. A. (Customs) 22, C. A. D. 630, and the record in that case was incorporated herein. That merchandise was described in a stipulation as "artificial teeth for use in place of natural human teeth, composed of 99 percent by weight of plastic and 1 percent

by weight of mineral pigment, plastic being the component material of chief value." It was held that it was not classifiable under paragraph 212 by similitude, because of the limitation of said paragraph to china, porcelain, and other vitrified ware "composed of a vitrified nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture," and articles wholly or in chief value thereof. It was held that these words were not merely descriptive, but exclusionary, and that wares or articles which did not show such a fracture could not be covered by paragraph 212 through any application of the similitude paragraph, including similitude of use. It was further pointed out that, as a matter of common knowledge, artificial teeth are made of substances other than porcelain and that there was no more reason for classifying the merchandise by similitude to porcelain teeth than to any of the other materials of which artificial teeth are made.

The amendment to paragraph 1559 by the Customs Simplification Act of 1954 (68 Stat. 1136), limiting similitude to similitude of use, does not warrant any different conclusion.

On the authority of the decision cited, we hold that the instant merchandise is properly dutiable at 10 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, and the President's notification of September 18, 1951, T. D. 52827, as unenumerated manufactured articles. To that extent, the protest is sustained. In all other respects, it is overruled. Judgment will be rendered accordingly.