(C.D. 2266)

UNIVERSAL FOREIGN SERVICE GONSET DIV. L. A. YOUNG CORP. } *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 13, 1961)

*Lawrence & Tuttle* (*Edward N. Glad* and *Barnes, Richardson & Colburn* of counsel) for the plaintiffs.
*William H. Orrick, Jr.*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The plaintiffs in this case imported certain items identified on the invoice as antenna washers. The collector assessed duty on the same at the rate of 22 cents per pound and 18 per centum ad valorem under the provision in paragraph 1539(b), Tariff Act of 1930, as modified by T.D. 54108, by similitude under the provisions in paragraph 1559(a) of the said act, as amended by the Customs Simplification Act of 1954, to the—

Manufactures wholly or in chief value of * * * any * * * product of which any synthetic resin or resin-like substance is the chief binding agent,

provided for in said paragraph 1539(b).

Paragraph 1559(a), *supra*, reads as follows:

(a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

The protest claim is for duty at the rate of 10 per centum ad valorem under the provision in paragraph 1558, Tariff Act of 1930, as modified by T.D. 52739 and T.D. 52827, for—

Articles manufactured, in whole or in part, not specially provided for (except [certain articles not here involved]).

At the trial of the issue, plaintiffs established by unrebutted testimonial evidence that the articles at bar (samples of which are before us as plaintiffs' collective exhibit 1) are used as insulators in radio transmitters and receivers to prevent radio frequency energy or power from being dissipated or short-circuited enroute to or from the antenna. It was also established that antenna washers are made of

many different materials, such as microlites, resins under many trade names, insulating compounds that are mica-filled, polystyrene, polyethylene, and various grades of bakelite, as well as ceramics. Prior to the advent of plastics, porcelain, quartz, ceramics of different kinds, and black bakelite were used for the same purpose.

There was received in evidence without objection, as plaintiffs' exhibit 2, a report of the United States Customs Laboratory in which, in response to the question "Is this a product with a synthetic resin as chief binding agent?" the report states:

> The sample is composed of a synthetic non-coal tar acrylic resin. containing no cellulose filler.

> Ash content—none.

At the time counsel for the parties submitted the case for decision, each side was, upon specific request, granted 60 days after transcription of the record in which to file briefs, the time to run consecutively, plaintiffs' brief to be filed first.

Within the time allowed therefor, a brief on behalf of the plaintiffs was filed, but, in lieu of filing a brief, the following notice, addressed to this court, was filed on behalf of the defendant:

> PLEASE TAKE NOTICE that this office will not file a brief in the above entitled case.

Rule 33 of this court, in force and effect at all times here pertinent, provides as follows:

> In every contested case a brief shall be filed by each of the parties within the time respectively allowed therefor by the court, *unless specially excused therefrom by the court.* * * * [Italics added.]

No effort was made on behalf of the defendant to comply with the rule. The court does not consider a notice couched in the language, hereinbefore quoted, to be in any sense a request to be excused from the duty imposed by the rule, and, in this regard, must find the defendant to be derelict.

In support of their claim, plaintiffs argue as follows: (1) The articles at bar are not dutiable directly under paragraph 1539(b); (2) the similitude provisions cannot be applied to classify the articles at bar under paragraph 1539(b); and (3) that where, as here, an article can be made of many different substances provided for in the tariff act, there is no more reason for classifying an article made of a non-enumerated substance by similitude to articles made of any one enumerated substance than to any of the other enumerated substances.

The fact that the articles at bar were classified by the collector by similitude may be taken as an admission on the part of the defendant that they are not dutiable *directly* under any enumeration in the tariff act, including that in paragraph 1539(b), *supra.* Moreover, the proof contained in plaintiffs' exhibit 2 tends to establish that the articles

are not made of any product in which synthetic resin or resin-like substance is the chief binding agent, but are made only of a synthetic resin.

Plaintiffs' first point of argument may, therefore, be taken to have been established. As to their second and third points, however, we are unable to agree that the facts or the law are as stated by the plaintiffs.

In support of the second point, plaintiffs argue that—

It is also definitely settled that where the material imported is the same basic material as an enumerated material, but is excluded from the provision of the enumerated material because it does not meet the exact terms of the statutory definition, there is no basis for classifying the imported material within the provision of the enumerated material by similitude. *United States* v. *Post Fish Co.*, 13 Ct. Cust. Appls. 155, T.D. 41022; *Cresca Co.* (*Inc.*) *et al.* v. *United States*, 17 C.C.P.A. (Customs) 83, T.D. 43376; *United States* v. *Charles R. Allen, Inc., et al.*, 37 C.C.P.A. 110, C.A.D. 428; and *J. M. P. R. Trading Corp., Alltransport, Inc.* v. *United States*, 33 Cust. Ct. 226, C.D. 1658, affirmed on appeal, *Same* v. *Same,* 43 C.C.P.A. (Customs) 1, C.A.D 600.

Therefore, as the washers herein are made from the same material as that enumerated in paragraph 1539(b), to wit, synthetic resin, but as the material in exhibit 1 does not act as a binding agent whereas paragraph 1539(b) requires the synthetic resin therein to act as the chief binding agent, it follows that the similitude provision cannot be applied to classify exhibit 1 under paragraph 1539(b).

The foregoing two paragraphs seem to rely upon two rules which have been laid down in prior judicial decisions on the subject of similitude and concerning its application. The first rule is stated in *Strauss* v. *United States*, 2 Ct. Cust. Appls. 203, 205, T.D. 31946, as follows:

It is true that the similitude clause can not be applied to articles which are the same as the enumerated article and which are identical with the latter in material. Such articles are the same and not of a similar kind. The similitude clause is intended to apply only to articles which are different and distinct from the enumerated article, and the duty specifically attached to an article by reason of an improved condition which does not change its essential characteristics can not be affixed by similitude to the same article when not in that condition. So shells washed and cleansed of dirt and animal matter are not *similar* to "shells engraved, cut, ornamented or otherwise manufactured." Schoenemann v. United States (119 Fed. Rep., 584, 586). Bisque wares are not *similar* to "bisque wares if painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner." Fensterer v. Ruhe (T.D. 31110). The principle that an article can not be made dutiable by similitude to the same article, made of the same material, in a more advanced stage of manufacture, has no application here, however, for the reason that while horn combs and gallilith combs are both combs, they are not combs made of the same material and are therefore distinctly different articles. [Italics quoted.]

The second rule is expressed in *Ungerer & Co.* (*Inc.*) v. *United States*, 15 Ct. Cust. Appls. 279, 283, T.D. 42469, as follows:

The application of the similitude provision is subject to the rule that a paragraph may clearly indicate an intent that nothing shall, by similitude, be

dutiable thereunder. Such exclusion, however, will not be assumed or implied from either an *eo nomine* or a descriptive provision, but there must be express language of exclusion, or a condition tantamount to the same. *Strauss* v. *United States*, 2 Ct. Cust. Appls. 203; *Nevin* v. *United States*, 5 idem, 423.

The first rule, for the sake of brevity, may be referred to as the "identity of materials" rule, and the second as the "specific exclusion" rule.

We are of the opinion that plaintiffs' counsel has mistakenly concluded that the material, synthetic resin, of which the articles at bar are wholly or in chief value composed, is the same material as the enumerated material, "any * * * product of which any synthetic resin or resin-like substance is the chief binding agent." The statement of the name of one and of the description of the other indicates that they are not the same material. There is nothing in the record tending to establish that they are the same material or that one is the same material as the other in an improved or different form or condition. We think that, on their face, at least, and for all that appears in the present record, there is enough difference between synthetic resin as a material and products of which synthetic resin is the chief binding agent to bar the application of the identity of materials rule in this case.

With respect to the specific exclusion rule, which counsel for the plaintiffs also seems to invoke in the excerpt from his brief, quoted hereinbefore, we do not believe that the language of paragraph 1539(b) is of such a nature that either expressly or by necessary implication it excludes the application of the similitude clause thereto. The words, "any * * * product of which any synthetic resin or resin-like substance is the chief binding agent," so far as we are aware, do not import the erection by Congress of a condition prerequisite to classification under paragraph 1539(b) which would bar the application of the similitude provision, but seem only to be a description of a type of material the manufactures wholly or in chief value of which are made dutiable thereunder. In other words, the language is merely descriptive and not exclusionary. *S. S. Kresge Co. et al.* v. *United States*, 46 C.C.P.A. (Customs) 100, C.A.D. 707, and cases therein cited.

We conclude, therefore, that, on the basis of the present record, we are unable to hold that the similitude provisions cannot be applied, so as to classify the articles at bar under paragraph 1539(b).

Nor are we able, if we correctly apprehend it, to agree with plaintiffs' final point of argument. This is stated in the brief as follows:

It would also appear that where an article can be made of many different substances provided for in the Tariff Act, there is no more reason for classifying an article made of a nonenumerated substance by similitude to articles made of one enumerated substance than to any of the other materials. *Alliance Distributors, Inc,* v. *United States,* 1 Cust. Ct. 131, C.D. 35; *Maher-App & Company*

v. *United States*, 44 C.C.P.A. (Customs) 22, C.A.D. 630; and *Dental Perfection Company Inc., and Frank P. Dow Co., Inc.* v. *United States*, 41 Cust. Ct. 323, ·Abst. 62180.

The washers in exhibit 1 are used for insulating antennas as are washers made of microlites, many trade names of resins, polyethylene, Bakelite, mica-filled compounds, porcelain, and quartz. It would therefore appear that exhibit 1, not being more similar in use to any particular washer made of an enumerated material, falls within the nonenumerated manufactured articles provisions of paragraph 1558.

As we understand it, counsel's point seems to be that if a non-enumerated article is dutiable by similitude of use to many articles enumerated in the tariff act, there is no more reason for classifying it under one enumeration than any other, and, consequently, it should be relegated for classification under the nonenumerated articles provision in paragraph 1558. If this be counsel's contention, we emphatically do not agree with it, nor do we believe that any of the cases cited stand for that proposition.

The record shows that the imported antenna washers made wholly or in chief value of synthetic resin here in issue resemble *equally, in the use to which they may be applied*, antenna washers made wholly or in chief value of other materials and made dutiable at different rates under various provisions in the tariff act. Paragraph 1559(a), *supra*, itself provides that, in that situation, classification must proceed on the basis of that tariff enumeration which the imported article most resembles *in respect of the materials of which it is composed*. This is the plain meaning of the language—

* * * and if any nonenumerated article equally resembles in that particular [i.e., in the particular of use to which it may be applied] two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

There is no testimonial or real evidence in the case at bar which can be said to establish comparative resemblance, in respect of the materials of which they are composed, between the imported antenna washers and antenna washers made dutiable under any tariff enumeration. On the other hand, the collector's classification of the merchandise at bar under paragraph 1539(b) having been by similitude, it would seem that the presumption favoring the correctness of such classification includes the presumption that he found antenna washers made wholly or in chief value of synthetic resin to most resemble, in respect of the materials of which they are composed, antenna washers made wholly or in chief value of a product of which any synthetic resin or resin-like substance is the chief binding agent, made dutiable under paragraph 1539(b), *supra*.

On the record made in the case at bar, therefore, the protest claim is overruled, and judgment will issue accordingly.