### ALEX W. BLOCK COMPANY
### v.
### UNITED STATES.
**C.D. 3644; Protest No. 63/11696–13535.**

United States Customs Court,
First Division.
Dec. 18, 1968.

**318**

Schwartz & Lidstrom, Chicago, Ill. (Barnes, Richardson & Colburn, New York City, Earl R. Lidstrom and Joseph Schwartz, Chicago, Ill., of counsel), for plaintiff.

Edwin L. Weisl, Jr., Asst. Atty. Gen. (Morris Braverman and Arthur E. Schwimmer, New York City, trial attorneys), for defendant.

Before WATSON and MALETZ, Judges.

MALETZ, Judge:

This case involves the proper tariff classification of plastic spiral garlands which were described on the special customs invoice as "Christmas tree ornaments." The articles were assessed with duty at the rate of 35 percent, under paragraph 1513 of the Tariff Act of 1930, as modified, by similitude to garlands wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads.

Plaintiff claims that the collector's classification is erroneous and that the articles are properly classifiable under paragraph 397 by similitude to articles of aluminum (dutiable at the rate of 19 percent) or, alternatively, under paragraph 1413 by similitude to articles of paper (dutiable at the rate of 17½ percent).

Set out below are the relevant statutory provisions:

Paragraph 1513, Tariff Act of 1930, as modified by T.D. 52739:

> Garlands, festooning and Christmas tree decorations made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads ...............35% ad val.

Paragraph 1559(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1954:

> (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article numerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any non-enumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

Paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108:

> Articles or wares not specially provided for, whether partly or wholly manufactured:
>
> \*    \*    \*    \*    \*    \*
>
> Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:
>
> \*    \*    \*    \*    \*    \*
>
> Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum (except  \*  \*  \*)
> ...........................................19% ad val.

Paragraph 1413 of the Tariff Act of 1930, as modified by T.D. 52373, supplemented by T.D. 52462:

> Manufactures of paper, or of which paper is the component material of chief value, not specially provided for (except * * *) ......................17½% ad val.

———◆———

Considering the claim in greater detail against the background of these tariff provisions, plaintiff argues for rejection of the collector's classification on the ground that the provision of paragraph 1513 covering garlands is exclusionary and that classification thereunder by similitude is therefore impermissible. Its further position is that regardless of the "exclusionary" argument, the imported garlands are similar in use to both aluminum garlands dutiable under paragraph 397 (at the rate of 19 percent) and to paper garlands dutiable under paragraph 1413 (at the rate of 17½ percent). In this context, plaintiff contends that the imported garlands most resemble in material aluminum garlands and thus should be classified by similitude under paragraph 397. Alternatively, it contends that the imported articles most resemble in material garlands of paper and are therefore classifiable by similitude under paragraph 1413. For the reasons that follow, we hold that the provision of paragraph 1513 covering garlands is descriptive and not exclusionary, and accordingly sustain the collector's classification by similitude to that paragraph. We hold further that plaintiff has failed to prove that the imported articles more closely resemble in material aluminum or paper garlands as distinguished from garlands dutiable under paragraph 1513.

■ It is helpful at the start to review some of the basic principles governing classification under the similitude provision, which provision—contained in all tariff acts since 1842—applies "to imported nonenumerated articles the tariff rates of the dutiable enumerated articles which they most resemble." Ignaz Strauss & Co., Inc. v. United States, 45 Cust.Ct. 161, 164, C.D. 2218 (1960). See also Corporacion Argentina de Productores de Carnes v. United States, 29 CCPA 288, 291, C.A.D. 204 (1942); United States v. Charles R. Allen, Inc., 37 CCPA 110, 120, C.A.D. 428 (1950).[1] The purpose of the provision is to prevent evasion of the customs laws (Stuart v. Maxwell, 57 U.S. 150, 160, 162, 14 L.Ed. 883 (1853); Arthur v. Fox, 108 U.S. 125, 127–128, 2 S.Ct. 371, 27 L.Ed. 675 (1883))[2] and "to prevent merchandise, obviously competitive with *eo nomine* designated merchandise from falling unfairly into low-rate basket

---

1. "The similitude clause, as originally enacted, provided that a nonenumerated article which was similar, either in material, quality, texture, or use to any enumerated, dutiable article, should be subject to the rate of duty levied on the enumerated article which it most resembled in any of the particulars mentioned. The amendment [by the Customs Simplification Act of 1954] restricted the similitude to that of use and provided also that if a nonenumerated article equally resembled in use two or more articles, it should be subject to the rate of duty applicable to the one which it most resembled with respect to material." Air Express International Agency, Inc. v. United States, 46 Cust.Ct. 163, 165, C.D.

2251 (1961). See also Ignaz Strauss & Co., Inc. v. United States, supra, 45 Cust. Ct. at 164–165.

2. Thus in Stuart v. Maxwell it was pointed out: "Manufacturing ingenuity and skill have become very great; and diversities may be expected to be made in * * * [articles] * * * designed to take the same places as those specifically described * * * for the mere purpose of escaping from the duty imposed thereon. And it would probably be impossible for Congress by legislation to keep pace with the results of these efforts of interested ingenuity. To obviate, in part at least, the necessity of attempting to do so, this [similitude] section was enacted." 57 U.S. at 160.

classifications." National Silver Co. v. United States, 56 Cust.Ct. 401, 407, C.D. 2666 (1966) (concurring opinion). Consistent with this design, the similitude provision applies only to articles which are different and distinct from the enumerated article; it has no application to articles which are of the same material as the enumerated article. Schoenemann v. United States, 119 F. 584, 586 (3d Cir. 1903); Fensterer & Ruhe v. United States, 1 Ct.Cust.Appls. 93, T.D. 31110 (1910); Strauss & Co. v. United States, 2 Ct.Cust.Appls. 203, 205, T.D. 31946 (1911); Corporacion Argentina v. United States, supra, 29 CCPA at 294–295; United States v. Charles R. Allen, Inc., supra, 37 CCPA at 120; Universal Foreign Service v. United States, 46 Cust. Ct. 258, 261–262, C.D. 2266 (1961). Nor is the similitude provision applicable to an article made of the same material as the enumerated article but in a different condition. Schoenemann v. United States, supra, 119 F. at 586; United States v. Charles R. Allen, Inc., supra, 37 CCPA at 120–121; Universal Foreign Service v. United States, supra, 46 Cust.Ct. at 261–262. *Shoenemann* is the leading case on this aspect. There shells washed and cleansed of dirt and animal matter were held not classifiable by similitude to "shells engraved, cut, ornamented, or otherwise manufactured." An excerpt from the court's opinion on this point bears repetition (119 F. at 586):

> We do not think that * * * [the similitude] section * * * was meant to apply except to articles of manufacture, which, though different and distinct from each other, are similar in the respects mentioned in the statute. In this case, there is an identity of material, not similarity, and when the statute expressly prescribes a duty for this material, when

it is in a certain condition, it must be taken to preclude the application of the similitude statute to the same material not in that condition. It would be equally as reasonable to say that, because certain stones fashioned into monuments or into cubical blocks are dutiable, stones not so fashioned and not in building shapes, should be liable to the same tax, on the ground of similarity of material.

\* \* \* \* \* \*

It must be presumed that the lawmaking power had in mind the difference between "shells engraved, cut, ornamented, or otherwise manufactured," and shells that were not so, and did not intend that the very differentiation made by the law itself, should be nullified and made of no effect by this similitude provision. The contention of the court below makes the legislative act futile, and accomplishes the result clearly not intended, to wit, that all shells, in whatever state or condition, shall be dutiable at 35 per cent. ad valorem.[3]

We turn now to a situation where the enumerated article and the article sought to be classified by similitude are composed of different materials. In that case, the enumerating paragraph "may clearly indicate an intent that nothing shall, by similitude, be dutiable thereunder. Such exclusion, however, will not be assumed or implied from either an *eo nomine* or a descriptive provision, but there must be express language of exclusion or a condition tantamount to the same." Ungerer & Co. v. United States, 15 Ct.Cust.Appls. 279, 283–284, T.D. 42469 (1927). See also e. g., Strauss & Co. v. United States, supra, 2 Ct.Cust.Appls. at 204–205; Nevin v. United States, 5 Ct.Cust.Appls. 423, 424, T.D. 34945 (1914); Corporacion Argentina v. United States, supra, 29

---

3. To similar effect, bisque wares were held not classifiable by similitude to bisque wares "if painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner," *Fensterer & Ruhe, supra,* 1 Ct.Cust.Appls.

93; likewise, coconut meat packed in sugar syrup was held not classifiable by similitude under a tariff provision covering coconut meat which has been desiccated, United States v. Charles R. Allen, Inc., supra, 37 CCPA 110.

CCPA at 294. In this connection, language in an enumerating provision which contains a restrictive definition of the merchandise, or a specific limitation as to some property of the merchandise, has generally been held to evidence a legislative intent to exclude from classification by similitude to the enumerated merchandise articles not encompassed within the restrictive definition or possessing the specified property limitation. Thus, a provision for biscuits, breads, wafers, cakes and other baked articles "containing chocolate, nuts, fruit, or confectionery of any kind" could not be extended by similitude to include baked articles that did not include any of the ingredients expressly named. United States v. Neuman & Schwiers Co., 6 Ct.Cust. Appls. 228, T.D. 35467 (1915). Similarly a provision for rugs "having a warp of cotton, hemp, or other vegetable substances" was construed to exclude from classification by similitude rugs lacking a warp. Akawa, Morimura & Co. v. United States, 11 Ct.Cust.Appls. 418, T.D. 39432 (1923). Other examples to like effect are as follows: A provision for "wines * * * and similar beverages" was held to preclude from classification by similitude liquids which were not beverages. Porges & Levy v. United States, 15 Ct.Cust.Appls. 298, T.D. 42474 (1927). See also C. H. Arnold & Co. v. United States, 20 CCPA 417, T.D. 46259 (1933). A provision covering "mixtures containing sugar and water, testing * * * above fifty sugar degrees" could not be expanded by simili-

tude to mixtures testing less than 50 sugar degrees. Cresca Co. v. United States, 17 CCPA 83, T.D. 43376 (1929). A provision for vitrified wares "composed of a vitrified, nonabsorbent body which when broken shows a vitrified or vitreous, or semivitrified or semivitreous fracture" excluded classification by similitude of plastic articles which did not show the specified fracture. Maher-App & Company v. United States, 44 CCPA 22, C.A.D. 630 (1956). See also A. W. Ronald Associates v. United States, 46 Cust.Ct. 264, C.D. 2267 (1961). A provision for synthetic textiles made from "cellulose, cellulose hydrate, or a compound of cellulose or a mixture containing any of the foregoing" excluded classification by similitude of synthetic fabrics not made from any of the foregoing. United States v. Steinberg Bros., 47 CCPA 47, C.A.D. 727 (1959).[4]

This brings us to the kind of enumerating provision which is considered to _lack_ exclusionary language of the type mentioned (in which case, as we have seen, there is no bar to having the articles covered in the enumerating paragraph extended by similitude to nonenumerated articles). A typical example of this kind is presented in Strauss & Co. v. United States, supra, 2 Ct.Cust. Appls. 203—a leading case—where the enumerating paragraph in question (par. 463) covered "Combs, composed wholly of horn, or composed of horn and metal." The appellate court found this provision to be descriptive and not exclusionary and upheld the classification by simili-

---

4. It may be added in passing that the 1954 amendment merely changed the _test_ of similitude to that of use (except where an article equally resembles in use two or more articles) and thus made no change in existing law that "no application of the similitude statute can bring under a paragraph merchandise which is excluded by the express language of that paragraph." A. W. Ronald Associates v. United States, supra, 46 Cust.Ct. at 267. See also Dental Perfection Company, Inc. v. United States, 41 Cust.Ct. 323, Abs. 62180 (1958); Air Express International Agency, Inc. v. United States, supra, 46 Cust. Ct. at 165. We note further that the similitude provision takes precedence over the provisions for nonenumerated articles. United States v. Charles R. Allen, Inc., supra, 37 CCPA at 120. In these circumstances, the fact that a nonenumerated article is excluded from classification by similitude to one enumerated article does not automatically prevent classification by similitude to other enumerated articles which the imported article next most nearly resembles. A. L. Erlanger Co., Inc. v. United States, 51 CCPA 51, C.A.D. 836 (1964); J. E. Bernard & Co., Inc. v. United States, 53 CCPA 116, C.A.D. 886 (1966).

tude thereunder of combs made from a substance called gallilith (which is a product of sour milk). Particularly pertinent is the following portion of the court's opinion on this point (2 Ct.Cust. Appls. at 204–205):

> If paragraph 463, under which the merchandise was assessed for duty, excludes all combs other than those mentioned therein, it must be held to do so, not by reason of express language to that effect, but because the specific designation of a particular article implies a legislative intent to exclude all others in the absence of any provision of law otherwise directing. The law, however, under which the goods were imported contains an express statutory declaration which does not permit of that implication, and the distinction between an implied exclusion and an express exclusion, ordinarily of little consequence, must be fully respected if effect is to be given to paragraph 481 [the similitude clause], a very important provision of the tariff act * * *.

This [similitude] provision specifically requires that imported articles which *are not enumerated* shall bear the same duty as articles which *are enumerated,* provided the former be similar to the latter either in material, quality, texture, or use. Such a requirement is wholly irreconcilable with the proposition that the duty imposed in some other part of the statute on a commodity therein specifically designated was intended by the legislature to apply to that commodity and no other. Of course, if Congress had provided in paragraph 463 for combs made of horn or of horn and metal, but not of·'gallilith, such a provision would have expressly excluded gallilith combs from that paragraph and made the similitude clause of paragraph 481 inapplicable to the goods under consideration. Not having done so, however, we can not imply that such was its intention in the face of an expressed direction that nonenumerated articles shall carry the same duty as

the enumerated articles which such nonenumerated articles most resemble either in material, quality, texture, or use. [Emphasis in original.]

Other cases of similar import to *Strauss* are Nevin v. United States, supra, 5 Ct.Cust.Appls. 423, where a provision for "Bottle caps of metal" was held to be descriptive and not exclusionary, thus permitting classification by similitude thereunder of bottle caps composed of viscose; Universal Foreign Service v. United States, supra, 46 Cust. Ct. 258, holding that the words "any * * * product of which any synthetic resin or resin-like substance is the chief binding agent" were descriptive of a type of material and that antenna washers made of synthetic resin were therefore properly classified by similitude thereunder. See also e. g., Corporacion Argentina v. United States, supra, 29 CCPA 288; S. S. Kresge Co. v. United States, 46 CCPA 100, C.A.D. 707 (1959); National Silver Co. v. United States, supra, 56 Cust.Ct. 401. Cf. New York Merchandise Co., Inc. v. United States, 54 Cust.Ct. 199, C.D. 2533 (1965) (motion for rehearing granted and judgment vacated).

▆▆ Similar to these provisions is the enumerating provision (par. 1513) involved here—"Garlands * * * and Christmas tree decorations made wholly or in chief value of tinsel wire, lame, or lahn, bullions or metal threads." As in *Strauss* and the other cases cited in the preceding paragraph, the present provision quite clearly does not constitute "express language of exclusion or a condition tantamount to the same" but is rather "*a description of a type of material* the * * * [garlands] wholly or in chief value of which are made dutiable thereunder: In other words, the language is merely descriptive and not exclusionary." Universal Foreign Service v. United States, supra, 46 Cust.Ct. at 262. [Emphasis supplied.] There being no dispute that the imported articles involved here are used as Christmas tree decorations and are thus similar in use to the articles covered in paragraph 1513,

we sustain the collector's classification of the imported articles by similitude to such latter articles.

 Plaintiff maintains, however, that regardless of the validity of its "exclusionary" argument, the collector's classification is incorrect for another reason. It states that the record shows that the plastic garlands in issue equally resemble in use (as Christmas tree decorations) (i) garlands of tinsel wire, lame or lahn, bullions or metal threads dutiable under paragraph 1513; (ii) aluminum garlands dutiable under paragraph 397; and (iii) paper garlands dutiable under paragraph 1413. It adds that in such circumstances the imported article must be classified by similitude to the article it most resembles in respect of the materials of which it is composed—in which connection it is claimed that the plastic garlands in question most resemble in material aluminum garlands and thus should be classified by similitude under paragraph 397. Alternatively it is claimed that the plastic garlands most resemble in material paper garlands and are therefore classifiable by similitude under paragraph 1413. But even assuming that equal resemblance in use within the meaning of the similitude provision has been demonstrated (thus enabling resort to material resemblance), the alternative claims must be overruled for lack of proof. To prove these claims, plastic garlands (representative of those in question) and aluminum garlands (but not paper garlands) were supplied for the record and plaintiff argues that visual examination indicates that there is a resemblance in material as between such plastic and aluminum garlands. However, there has not been included in the record any garland of a type dutiable under paragraph 1513, i. e., a garland made wholly or in chief value of either tinsel wire or lame or lahn or bullions or metal threads. Thus there is no physical evidence in the record—or indeed any other evidence—on which to make a comparison in material as between the plastic garlands in issue and the garlands covered by paragraph 1513. In the absence of such evidence, plaintiff has simply not proved its claim that the plastic garlands in issue *more closely* resemble in material aluminum or paper garlands rather than garlands made of the materials described in paragraph 1513.

The protest is overruled. Judgment is entered accordingly.